◼ In the Matter of the Arbitration between SHELDON SILVERBERG, Respondent, and RUBEN SCHWARTZ, Appellant. — In a proceeding to stay arbitration, the appeal is from so much of a judgment of the Supreme Court, Nassau County, dated November 21, 1980, as granted petitioner's application for a partial stay of arbitration. Judgment reversed insofar as appealed from, on the law, with $50 costs and disbursements, petitioner's application for a stay of arbitration is denied, and the parties are directed to proceed to arbitration. On a prior appeal to this court concerning the arbitration of various disputes stemming from an agreement between the parties, two former law partners, we held, *inter alia,* that insofar as paragraph "sixth" of the partnership agreement restricted the future practice of each partner and established a fee splitting arrangement, it was void and unenforceable and could not be the subject of arbitration (see *Matter of Silverberg [Schwartz],* 75 AD2d 817). Subsequent to our decision, an amended demand for arbitra-

---

tion was filed by appellant which, apparently inadvertently, included references to the portion of the agreement which we previously had ruled to be unenforceable. Petitioner sought a stay of arbitration with respect to the amended demand on the ground that it violated this court's prior order. Appellant thereafter withdrew the amended demand and filed a second amended demand for arbitration, eliminating all direct references to the violative paragraph. By his second amended demand, appellant sought compensatory relief for petitioner's violation of his fiduciary obligation as a partner and of the agreement, contending that petitioner willfully solicited clients for his own individual purpose while a partner and willfully interfered with the relationship between the firm and its clients. Special Term granted petitioner's application for a stay of arbitration "to the extent that there shall be no arbitration with respect to any issues arising out of the alleged solicitation by petitioner of clients of the former partnership allegedly obtained by [appellant]." Special Term apparently misinterpreted our prior decision and concluded that the alleged solicitation by petitioner of clients prior to the decision to dissolve the partnership was not arbitrable. The previous order of this court did not refer to solicitation prior to dissolution, but was concerned solely with the subsequent improper restriction imposed upon the partners by the agreement (see *Matter of Silverberg [Schwartz], supra*). The solicitation of a firm's clients by one partner for his own benefit, prior to any decision to dissolve the partnership, is a breach of the fiduciary obligation owed to each other and the partnership, and a breach of the partnership agreement in general (cf. *Mitchell v Reed,* 61 NY 123, 126; *Jones Co. v Burke,* 306 NY 172, 188-189; *Adler, Barish, Daniels, Levin & Creskoff v Epstein,* 482 Pa 416, app dsmd and cert den 442 US 907). Although dissolution occurs when the partners determine to discontinue business (see *Chaim Ben-Dashan v Plitt,* 58 AD2d 244), the partnership is not terminated until the winding up of partnership affairs is completed (see Partnership Law, § 61). However, the fiduciary relation between partners terminates upon notice of dissolution,[*] even though the partnership affairs have not been wound up (see *Bayer v Bayer,* 215 App Div 454). After dissolution, each former partner is free to practice law individually, and has the right to accept retainers from persons who had been clients of the firm (see *Talley v Lamb,* 100 NYS2d 112, 118; cf. *Bayer v Bayer, supra*). Whether petitioner solicited clients of the firm prior to the decision to dissolve the partnership and thereby breached his fiduciary duty as a partner and the agreement, is a question for the arbitrator to resolve. Hopkins, J.P., Titone, Rabin and Margett, JJ., concur.

---

* The partner charged with winding up the affairs of the partnership still retains a fiduciary duty as an agent of the remaining partners with respect to the liquidation of the firm (see *Chaim Ben-Dashan v Plitt,* 58 AD2d 244, 249).