■ JENNIFER LANG, Individually and as Parent and Natural Guardian of LEE C. LANG, an Infant, Respondent, v POUGHKEEPSIE OB-GYN, P. C., et al., Appellants, et al., Defendants. [675 NYS2d 880] —In an action to recover damages for medical malpractice, the defendants Poughkeepsie Ob-Gyn, P. C., Chang N. Yoon, M.D., Rajan Sriskandarajah, M.D., and M. Philip Amodeo as Public Administrator of the Estate of Thomas A. Anderson, M.D., appeal, and the defendant Vassar Brothers Hospital separately appeals, from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), dated May 29, 1997, as (1), in effect, denied their respective motions to preclude the plaintiffs from offering any expert witness testimony at trial and to dismiss the complaint insofar as asserted against them based on that preclusion, (2) failed to *sua sponte* order the substitution of a proper party for the deceased defendant, Thomas A. Anderson, M.D., and instead directed that the plaintiffs effectuate such a substitution, and (3) vacated the note of issue.

Ordered that, on the Court's own motion, the appellants' notices of appeal are treated as applications for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs payable by the appellants appearing separately and filing separate briefs.

Under the circumstances presented, including, *inter alia*, the death of Thomas A. Anderson, M.D., the Supreme Court did not abuse or improvidently exercise its discretion in denying the motions of the appellants to preclude the plaintiffs from offering expert witness testimony at trial (*see,* CPLR 1015 [a];

1021; *Janvier v Allen,* 249 AD2d 448; *Meehan v Washington,* 242 AD2d 286; *Oberlander v Levi,* 207 AD2d 437; *Homemakers Inc. v Williams,* 131 AD2d 636; *Grillo v Tese,* 113 AD2d 871; *Harding v Noble Taxi Corp.,* 155 AD2d 265; *Stafford v Molinoff,* 228 AD2d 662).

The appellants' remaining contentions are without merit. Miller, J. P., O'Brien, Pizzuto and Friedmann, JJ., concur.