◼ Jill A. Syracuse, Formerly Known as Jill A. Pearce, Appellant, v Edward Diao et al., Respondents. (Appeal No. 1.) [707 NYS2d 570] —Order unanimously reversed on the law with costs, motion denied and complaint against defendant Millard Fillmore Hospitals, doing business as Hand Center of Western New York, reinstated. Memorandum: Plaintiff commenced this medical malpractice action against defendants, Millard Fillmore Hospitals, doing business as Hand Center of Western New York (Hand Center), Edward Diao, M.D., and Buffalo Hand Surgery, P. C., the professional group engaged by the Hand Center to perform medical services. Plaintiff alleged that Dr. Diao misdiagnosed her condition as carpal tunnel syndrome and performed unnecessary surgeries in an attempt to remedy that condition. The Hand Center moved for summary judgment dismissing the complaint against it. It asserted that Dr. Diao was a member of Buffalo Hand Surgery, P. C. and not an employee of the Hand Center and that the Hand Center could not be held vicariously liable for Dr. Diao's acts.

Supreme Court erred in granting the Hand Center's motion. Even assuming that the Hand Center met its initial burden, we conclude that plaintiff raised a triable issue of fact. Where a patient seeks "treatment from [a] hospital and not from a particular physician of the patient's choosing, the hospital may be held vicariously liable for the malpractice of a physician who is an independent contractor" (*Litwak v Our Lady of Victory Hosp.*, 238 AD2d 881). The deposition testimony of plaintiff

establishes that she telephoned the Hand Center and that the person responding to her telephone call gave her an appointment to see Dr. Diao and that plaintiff did not ask for an appointment with a particular physician. That evidence is sufficient to raise a factual issue whether liability may be imposed upon the Hand Center based on apparent agency (*see, Hill v St. Clare's Hosp.*, 67 NY2d 72, 79-81; *Litwak v Our Lady of Victory Hosp., supra*). We therefore reverse the order in appeal No. 1, deny the motion and reinstate the complaint against the Hand Center.

With respect to the order in appeal No. 2, we conclude that the court properly granted the motion of Dr. Diao and Buffalo Hand Surgery, P. C. to compel plaintiff to provide further particulars concerning her expert witness disclosures (*see,* CPLR 3101 [d] [1]). The responses of plaintiff concerning her expert witnesses were " 'so general and nonspecific that [defendants have] not been enlightened to any appreciable degree about the content of [the experts'] anticipated testimony' " (*Chapman v State of New York*, 189 AD2d 1075, quoting *Saar v Brown & Odabashian*, 139 Misc 2d 328, 334; *see also, Brossoit v O'Brien*, 169 AD2d 1019, 1020-1021). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Kehoe and Balio, JJ.