■ JOSEPH A. NOVARO, Appellant, v JOMAR REAL ESTATE CORP. et al., Respondents. [725 NYS2d 543] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered on or about April 10, 2000, which denied plaintiff's motion to substitute the successor executors of defendant estate, and to restore the action to the trial calendar, unanimously reversed, on the law and the facts, without costs, and the motion granted.

The death of defendant estate's executor precluded further proceedings against the estate, including the conference at which the case was marked off the calendar, until a successor was appointed (CPLR 1015, 1021). Thus, at least as against the estate, the ensuing CPLR 3404 dismissal of the action was a nullity (see, Nunez v Goodman, 264 AD2d 651), and the subsequent refusal to restore the action to the calendar was error as a matter of law.

While the death of the estate's executor did not as a matter of law stay action as against the other defendants (see, Siegel, NY Prac § 184, at 301 [3d ed]), under the circumstances of this case (see, 230 AD2d 687), it would have been an improvident exercise of discretion to stay the action as against the estate without also staying it as against the other defendants. Accordingly, we restore the action to the calendar as against all of the defendants. It appears that the motion court deemed the branch of plaintiff's motion seeking to substitute defendant estate's new executors mooted by its denial of the branch of the motion seeking to restore the action to the calendar. Since we are reversing on the matter of restoration, we reach the issue of substitution, and reverse as to that issue as well (CPLR 1015, 1021). Concur—Lerner, J. P., Saxe, Buckley, Friedman and Marlow, JJ.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. STEVEN MARK KATZ, admitted on February 23, 1981, at a Term of the Appellate Division, First Department. [727 NYS2d 618] —Motion granted and respondent reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof. No opinion. Concur—Nardelli, J. P., Williams, Mazzarelli, Ellerin and Saxe, JJ. [See, 247 AD2d 158.]

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. ROSEMARY ELLEN MCGONAGLE, admitted in 1993, at a Term of the Appellate Division, Second Department. [727 NYS2d 618] —Motion granted and respondent reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof. No opinion. Concur—Nardelli, J. P., Williams, Mazzarelli, Ellerin and Saxe, JJ. [See, 247 AD2d 158.]