■ BRYAN WILLIAMS, Appellant, v GEORGE T. C. WAY et al., Respondents. [735 NYS2d 170] —In an action to recover damages for personal injuries and for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Dutchess County

(Jiudice, J.H.O.), dated July 5, 2000, which granted the defendants' respective motions to preclude him from offering expert testimony at trial.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motions are denied.

The infant plaintiff was allegedly injured at the time of his birth as a result of a complication from a prenatal infection. On September 28, 1998, one of the defendants, George Montgomery, died. By order dated November 17, 1998, the Supreme Court directed Montgomery's attorneys, among others, to take reasonable steps to substitute his estate as a defendant. The Supreme Court also directed the plaintiff to serve his responses to the defendants' demand for expert witness information within two weeks of that substitution. After being informed that the decedent's widow had no intention of probating his estate, the plaintiff moved to appoint an administrator, and by order dated June 22, 1999, Rita A. Brannen, the Chief Fiscal Officer of Dutchess County acting as Administrator of the Estate of George Montgomery, M.D. (hereinafter Montgomery's estate), was substituted as a party defendant in place of Montgomery. The plaintiff served his responses to the defendants' demands two weeks before the scheduled trial date of June 1, 2000.

The defendants moved to preclude the plaintiff from offering expert testimony, contending, *inter alia,* that the expert witness disclosure was untimely in violation of the prior order dated November 17, 1998. The Supreme Court granted the motions, and we reverse.

The order of the Supreme Court, dated November 17, 1998, was a nullity as to Montgomery's estate since it was made while the proceedings were automatically stayed as a result of Dr. Montgomery's death (*see, Matter of Einstoss,* 26 NY2d 181; *Kelly v Methodist Hosp.,* 276 AD2d 672; *Silvagnoli v Consolidated Edison Empls. Mut. Aid Socy.,* 112 AD2d 819). Therefore, the Supreme Court erred in imposing a sanction on the plaintiff for violating that order as to Dr. Montgomery's estate. Moreover, under the circumstances of this case, including, *inter alia,* the existence of cross claims for indemnification and contribution and the potential for prejudice to Dr. Montgomery's estate, the Supreme Court improvidently exercised its discretion in also precluding the plaintiff's expert testimony as against the remaining defendants (*see, Lang v Poughkeepsie Ob-Gyn,* 251 AD2d 629; *Harding v Noble Taxi Corp.,* 155 AD2d 265; *Johnson v Gonzalez,* 67 AD2d 842; *see also, Novaro v Jomar Real Estate Corp.,* 283 AD2d 352).

The defendants also challenge the adequacy of the plaintiff's expert witness disclosure. However, since the defendants failed to comply with the good faith requirements of 22 NYCRR 202.7, they cannot obtain preclusion on this ground (*see, Hegler v Loews Roosevelt Field Cinemas,* 280 AD2d 645; *Barnes v NYNEX, Inc.,* 274 AD2d 368; *Gonzalez v International Bus. Machs. Corp.,* 236 AD2d 363). In any event, the plaintiff's responses were sufficient to give the defendants notice of the content of the expert's anticipated testimony (*cf., Saar v Brown & Odabashian,* 139 Misc 2d 328, 334; *see, Chapman v State of New York,* 189 AD2d 1075; *Syracuse v Diao,* 272 AD2d 881). Altman, J. P., Goldstein, McGinity and Cozier, JJ., concur.