■ MARTIN A. HALPERN, Respondent, v GOLDSTEIN & HALPERN et al., Appellants, et al., Defendant. [742 NYS2d 372] —In an action pursuant to Partnership Law § 63, inter alia, for dissolution of two partnerships and an accounting, the defendants Goldstein & Halpern, C.P.A., Goldstein, Karlewicz & Goldstein, C.P.A., Martin Goldstein, Scott Goldstein, Donald Karlewicz, Elliot Boxer, and 501 Associates appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Friedman, J.H.O.), dated July 10, 2001, as granted that branch of the plaintiff's motion which was to strike their answer unless they provided an accounting by August 10, 2001.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was a partner in Goldstein & Halpern, C.P.A. (hereinafter G&H) and 501 Associates (hereinafter 501). After he was allegedly forced out of the business of G&H and excluded from the profits of 501, the plaintiff commenced this action in 1995, inter alia, to dissolve G&H and 501 and for an accounting. A joint answer was served by G&H, 501, the individual partners Martin Goldstein, Scott Goldstein, Donald Karlewicz, Elliot Boxer, and a partnership, Goldstein, Karlewicz & Goldstein, C.P.A., which allegedly usurped the business of G&H (hereinafter collectively the appellants).

In March 1999 the plaintiff filed a note of issue and certificate of readiness, indicating that discovery was complete. By stipulation, the plaintiff and the appellants agreed to refer the matter to a judicial hearing officer (hereinafter the JHO) to hear and determine, inter alia, the issue of partnership accountings. On March 7, 2001, the date set for trial, the plaintiff and the appellants entered into a stipulation before the JHO in which the appellants agreed to provide an accounting of G&H and 501 to the plaintiff by May 15, 2001.

In late May 2001 the plaintiff moved to strike the appellants' answer and to hold them in contempt of court on the ground that the documents they provided did not constitute an accounting. The JHO agreed with the plaintiff and granted his motion to the extent of striking the appellants' answer unless the accounting was furnished by August 10, 2001.

Contrary to the appellants' contention, the plaintiff was not required to comply with the good faith requirements of 22 NYCRR 202.7 prior to making the instant motion, as the

motion did not involve discovery (*cf. Williams v Way,* 289 AD2d 483). Discovery was completed in 1999. The stipulation occurred after the action was referred to the JHO for trial and resolved the issue of the appellants' liability for an accounting of the G&H and 501 partnerships.

The affidavit of the plaintiff's expert accountant supports the JHO's determination that the documents provided by the appellants did not constitute an accounting. Furthermore, the appellants' contention that the documents they submitted to the plaintiff were sufficient because the stipulation did not require a particular form of accounting was rejected by the JHO, and we find no basis in the record to disturb that determination. The JHO who decided the motion also presided over the stipulation.

Finally, we reject the appellants' argument that the order of the JHO was improper because it required them to provide an accounting before the plaintiff demonstrated his entitlement to this relief on the merits. Pursuant to Partnership Law § 74, the right to an account accrues at the date of dissolution, "in the absence of an agreement to the contrary." Here, the appellants stipulated to provide the accounting to resolve one of the issues at trial.

The appellants' remaining contentions are without merit. O'Brien, J.P., Friedmann, Adams and Crane, JJ., concur.