■ ALLIED BINGO SUPPLIES OF FLORIDA, INC., Respondent, v JOHN HYNES, Defendant and Third-Party Plaintiff-Appellant. JAMES HYNES, SR., et al., Third-Party Defendants-Respondents. [813 NYS2d 444]—

In an action, inter alia, to recover damages for breach of contract, the defendant third-party plaintiff appeals from a judgment of the Supreme Court, Queens County (Leviss, J.H.O.) entered January 20, 2005, which, after a nonjury trial, inter

alia, is in favor of him and against the third-party defendant James Hynes, Sr., in the principal sum of only $1,380.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a new determination as to damages in accordance herewith.

The parties stipulated on the record that an at-will partnership, which existed between the third-party defendant James Hynes, Sr., on behalf of Allied Bingo Supplies of Florida, Inc. (hereinafter Allied Bingo), and the defendant third-party plaintiff, John Hynes, for the purpose of installing and maintaining computerized bingo equipment in New York City and selling bingo supplies in the City, terminated on July 26, 2000. In addition, the parties stipulated that they had agreed to equally share the partnership's profits and losses. James Hynes, Sr., and John Hynes also stipulated that they would both submit, among other things, an accounting of the partnership.

Since John Hynes and Allied Bingo had no agreement to the contrary, John Hynes' right to an accounting of the partnership accrued on the date the partnership dissolved, i.e., July 26, 2000 (see Partnership Law §§ 61, 74; Halpern v Goldstein & Halpern, 294 AD2d 468, 469 [2002]).

The partnership entered into contracts with two New York City bingo halls for a period of one year each before the dissolution of the partnership. The Supreme Court correctly determined that John Hynes was entitled to a 50% share of the net profits of the partnership from those two contracts for the entirety of the one-year terms (cf. Murov v Ades, 12 AD3d 654, 655 [2004]). Since dissolution of a partnership terminates the fiduciary relationship between partners, the Supreme Court correctly determined that John Hynes was not entitled to a share of any profits flowing from contracts Allied Bingo entered into with other New York bingo halls after the partnership dissolved (see Matter of Silverberg [Schwartz], 81 AD2d 640, 641 [1981]).

However, the Supreme Court erred in accepting the accounting submitted by James Hynes, Sr., and Allied Bingo. The unsubstantiated expenses listed in that accounting covering the period of May 1, 2000 through May 31, 2001, which encompassed the period of the two contracts at issue, did not provide the Supreme Court with a sufficient basis to determine John Hynes' 50% share of the net partnership profits for this period (cf. Halpern v Goldstein & Halpern, supra; Posin v Russo, 276 AD2d 764, 765 [2000]). Accordingly we remit the matter to the Supreme Court, Queens County, for a new determination of damages. Adams, J.P., Ritter, Santucci and Lifson, JJ., concur.