■ In the Matter of THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, Appellant, v GLENWOOD MEDICAL, P.C., Respondent. [853 NYS2d 26]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about June 13, 2003, which denied petitioner insurer's application to permanently stay arbitration of respondent medical provider's claim for payment of no-fault first-party benefits for services provided to petitioner's insured, unanimously reversed, on the law, with costs, the petition granted, and the arbitration permanently stayed.

The claim, which is subject to the six-year statute of limitations in CPLR 213 (2), not the three-year statute in CPLR 214 (2) (Benson v Boston Old Colony Ins. Co., 134 AD2d 214, 215 [1st Dept 1987], lv denied 71 NY2d 801 [1988]; Mandarino v

*Travelers Prop. Cas. Ins. Co.*, 37 AD3d 775 [2d Dept 2007]), was not timely interposed where it had been denied in full by the insurer, for lack of medical necessity, more than six years before the provider demanded arbitration (*see Benson*). Contrary to the motion court, the insurer's subsequent reconsideration of the same claim based on the provider's unsolicited submission of additional medical information did not extend the accrual date of the claim, i.e., the due date for payment as fixed by statute (Insurance Law § 5106 [a]; 11 NYCRR 65-3.8), until the insurer's second denial of the claim less than six years before the provider's demand for arbitration. Concur—Lippman, P.J., Andrias, Nardelli, Buckley and Acosta, JJ.