■ 6D Farm Corporation, Plaintiff, v Patrick J. Carr et al., Defendants. Verna B. Neilson, Appellant, and Elena Duke Benedict, Respondent. [882 NYS2d 198]—

In an action, inter alia, for an accounting and to recover damages for breach of fiduciary duty and breach of contract, Verna B. Neilson appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (O. Bellantoni, J.), entered April 26, 2007, as, upon an order of the same court dated January 10, 2007, granted that branch of the cross motion of the defendant Elena Duke Benedict which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred and dismissed the complaint in its entirety, with prejudice. Justice Eng has been substituted for former Associate Justice Ritter (see 22 NYCRR 670.1 [c]).

Ordered that the order and judgment is modified, on the law, by deleting from the decretal paragraph thereof the words "the defendants' cross-motion is granted; the plaintiff's motions are denied as moot, and plaintiff's complaint is dismissed in its entirety with prejudice," and substituting therefor the words "those branches of the cross motion of the defendant Elena Duke Benedict which were to dismiss the third and fourth causes of action insofar as asserted against her as time-barred are granted and that branch of the cross motion which was to dismiss the fifth cause of action is denied, the motions of Verna B. Neilson are denied as academic, and the third and fourth causes of action in the original complaint insofar as asserted against the defendant Elena Duke Benedict are dismissed with prejudice"; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

6D Farm Corporation (hereinafter 6D), and Elena Duke Benedict (hereinafter Mrs. Benedict), were equal partners in the partnership Benedict Dairy Farms (hereinafter BDF), which was dissolved in 1998. Verna B. Neilson, a daughter of Mrs. Benedict, is one of the six shareholders of 6D. In this action (hereinafter the Neilson action), Neilson seeks, inter alia, an accounting of the partnership assets and to recover damages for Mrs. Benedict's alleged breach of her fiduciary duty as a partner in BDF and her breach of a 1997 agreement to provide 6D with information about BDF's business transactions. The complaint in the Neilson action also alleges causes of action against three officers and directors of 6D, among other things, for breach of fiduciary duty.

Neilson obtained a temporary restraining order to maintain the status quo and moved, among other things, for immediate disclosure of BDF's books and, in effect, for leave to amend the complaint, changing the parties and some causes of action (hereinafter the 6D action). Mrs. Benedict opposed the motion and cross-moved to dismiss the complaint in the Neilson action on the ground, among others, that it was barred by the statute of limitations. Subsequently, Neilson moved to hold Mrs. Benedict in contempt for failure to comply with the temporary restraining order. The parties used the caption of the 6D action on all motion papers. In an order bearing the caption of the 6D action, the Supreme Court granted that branch of Mrs. Benedict's cross motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred, and denied Neilson's motions as academic. In the order and judgment appealed from, the court, inter alia, dismissed the complaint in its entirety, with prejudice. We modify.

The Supreme Court denied all branches of the two motions submitted by Neilson, including that branch which was, in effect, for leave to amend the complaint. Thus, contrary to Mrs. Benedict's contention, the use of the caption of the proposed amended complaint in the 6D action on the order and judgment apparently was inadvertent and did not indicate that the court had granted leave to amend and then dismissed the proposed amended complaint.

On a motion to dismiss pursuant to CPLR 3211, the court must take the allegations in the complaint as true and resolve all reasonable inferences in favor of the pleader (*see AAA Viza, Inc. v Business Payment Sys., LLC,* 38 AD3d 802, 803 [2007]). A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of demonstrating, prima facie, that the time in which to

commence the action has expired (*see Santo B. v Roman Catholic Archdiocese of N.Y.*, 51 AD3d 956 [2008]; *Texeria v BAB Nuclear Radiology, P.C.*, 43 AD3d 403, 405 [2007]). Once the prima facie showing is made, the burden shifts to the plaintiff to aver evidentiary facts establishing that the cause of action falls within an exception to the statute of limitations, or raising an issue of fact as to whether such an exception applies (*see Santo B. v Roman Catholic Archdioscese of N.Y.*, 51 AD3d at 957; *Texeria v BAB Nuclear Radiology, P.C.*, 43 AD3d at 405).

Here, the third cause of action in the Neilson action alleged, inter alia, that Mrs. Benedict breached her fiduciary duty to 6D. The complaint further alleged that BDF was dissolved on January 12, 1998. The "fiduciary relation between partners terminates upon notice of dissolution, even though the partnership affairs have not been wound up" (*Matter of Silverberg [Schwartz]*, 81 AD2d 640, 641 [1981]; *see Allied Bingo Supplies of Fla., Inc. v Hynes*, 27 AD3d 597, 598 [2006]). The complaint in the Neilson action was filed on November 14, 2005, more than six years after the cause of action alleging breach of fiduciary duty accrued (*see* CPLR 213 [1]). Thus, the third cause of action insofar as asserted against Mrs. Benedict was time-barred.

The fourth cause of action in the Neilson action seeks an accounting of 6D's partnership interest. A cause of action for an accounting accrues upon dissolution of the partnership and must be commenced within six years of dissolution (*see* Partnership Law § 74; CPLR 213 [1]; *Mashihi v 166-25 Hillside Partners*, 51 AD3d 738 [2008]). Here, the partnership was dissolved on January 12, 1998, and the complaint in the Neilson action was filed on November 14, 2005, more than six years after the cause of action accrued. Neilson contends, however, that a stipulation entered into between 6D and Mrs. Benedict on November 14, 1997 (hereinafter the 1997 stipulation) altered the accrual date of 6D's right to an accounting. While partners may change the date of an accounting by agreement (*see* Partnership Law § 74; *Halpern v Goldstein & Halpern*, 294 AD2d 468, 469 [2002]), the 1997 stipulation did not change the accrual date. Rather, the 1997 stipulation obligated Mrs. Benedict to provide financial information and periodic reports of BDF's business transactions during the winding-up period. Thus, Neilson failed to aver sufficient evidentiary facts in opposition to Mrs. Benedict's prima facie showing that the fourth cause of action insofar as asserted against her was time-barred.

The fifth cause of action in the Neilson action alleged, inter alia, that Mrs. Benedict breached her contractual duties to

provide 6D with financial information. A breach of contract cause of action accrues, and the relevant six-year statute of limitations begins to run, at the time of the breach (*see* CPLR 213 [2]; *Ely-Cruikshank Co. v Bank of Montreal,* 81 NY2d 399, 402 [1993]; *St. George Hotel Assoc. v Shurkin,* 12 AD3d 359, 360 [2004]). Here, Mrs. Benedict was obligated to provide 6D with information pertaining to business transactions of BDF. The complaint detailed several business transactions between 2000 and 2005, all within the limitations period, and alleged that BDF did not inform 6D of these transactions. Thus, the fifth cause of action alleging breach of contract is not time-barred.

To the extent that the complaint in the Neilson action asserted causes of action against codefendants, it was improper to dismiss the complaint in its entirety, and we modify the order and judgment accordingly.

The parties' remaining contentions are without merit. Spolzino, J.P., Santucci, Carni and Eng, JJ., concur.