In an action, inter alia, to recover damages for breach of a stipulation of settlement, the plaintiff appeals, as limited by his reply brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated September 16, 2008, as granted those branches of the defendants’ motion which were pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the second and fourth causes of action and so much of the first cause of action as sought to recover damages for the breach of a stipulation of settlement based on the defendants’ failure to prosecute tax certiorari proceedings.
Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (5) to dismiss the second cause of action in its entirety and substituting therefor a provision denying that branch of the motion with respect to so much of the second cause of action as sought a judgment declaring that the defendants breached the stipulation of settlement *554 by failing to prosecute tax certiorari proceedings against the County of Nassau and otherwise granting that branch of the motion, and (2) by deleting the provision thereof granting that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (5) to dismiss so much of the first cause of action as sought to recover damages for breach of the stipulation of settlement based on the defendants’ alleged failure to prosecute tax certiorari proceedings against the County of Nassau and the Village of Lynbrook, and substituting therefor a provision denying that branch of the motion with respect to so much of the first cause of action as sought to recover damages based upon the defendants’ alleged failure to prosecute tax certiorari proceedings against the County of Nassau and otherwise granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
By summons and complaint filed May 1, 2008, the plaintiff commenced this action against the defendants alleging, inter alia, a breach of a stipulation of settlement of a prior action, and that the defendants fraudulently induced the plaintiff into entering that stipulation.
Upon the defendants’ motion, the Supreme Court, inter alia, dismissed the second and fourth causes of action in their entirety and the first cause of action to the extent it alleged a failure of the defendants to prosecute tax certiorari proceedings in breach of the stipulation of settlement. The plaintiff appeals.
On a motion to dismiss pursuant to CPLR 3211 (a) (5), the moving defendant must establish, prima facie, “that the time in which to commence an action has expired. The burden then shifts to the plaintiff to aver evidentiary facts establishing that his or her cause of action falls within an exception to the statute of limitations, or raising an issue of fact as to whether such an exception applies” (Texeria v BAB Nuclear Radiology, P.C., 43 AD3d 403, 405 [2007] [citations omitted]; see 6D Farm Corp. v Carr, 63 AD3d 903, 905-906 [2009]; Savarese v Shatz, 273 AD2d 219 [2000]). On their motion, the defendants made a prima facie showing that the statute of limitations had expired as to that portion of the first cause of action which was to recover damages for the defendants’ alleged failure to pursue real estate tax certiorari proceedings against the Village of Lynbrook, in violation of the stipulation of settlement, and as to that portion of the second cause of action which was for a judgment declaring the same to be a violation of the stipulation of settlement (see 6D Farm Corp. v Carr, 63 AD3d at 905-906). In opposition, the plaintiff failed to aver evidentiary facts establishing that said portion of the cause of action fell within an *555 exception to the statutes of limitations, or to raise an issue of fact as to whether General Obligations Law § 17-101 applied (63 AD3d at 905-906; Santo B. v Roman Catholic Archdiocese of N.Y., 51 AD3d 956 [2008]; cf. Jeffrey L. Rosenberg & Assoc., LLC v Lajaunie, 54 AD3d 813 [2008]).
The defendants failed, however, to make a prima facie showing that the statute of limitations expired as to those portions of the first and second causes of action arising out of the defendants’ alleged failure to prosecute real estate tax certiorari proceedings against the County of Nassau. The defendants failed to establish the time of the accrual of those claims and, therefore, failed to establish the expiration of the statute of limitations (see Minskoff Grant Realty & Mgt. Corp. v 211 Mgr. Corp., 71 AD3d 843 [2010]; Kuo v Wall St. Mtge. Bankers, Ltd., 65 AD3d 1089 [2009]).
The plaintiffs remaining contentions are either improperly raised for the first time on appeal or without merit. Mastro, J.R, Santueci, Chambers and Roman, JJ., concur.