Cautious Care Med., P.C. v Omni Indem. Co. (2020 NY Slip Op 51384(U))

[*1]

Cautious Care Med., P.C. v Omni Indem. Co.

2020 NY Slip Op 51384(U) [69 Misc 3d 145(A)]

Decided on November 13, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 13, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2019-330 K C

Cautious Care Medical, P.C., as Assignee of
Butler, Jacobi, Respondent, 
against
Omni Indemnity Company, Appellant. 

Freiberg, Peck & Kang, LLP (Yilo J. Kang of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Rosemarie
Montalbano, J.), entered December 18, 2018. The order, insofar as appealed from, denied
defendant's motion to dismiss the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and
defendant's motion to dismiss the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from so much of an order of the Civil Court as denied defendant's motion which had
sought to dismiss the complaint pursuant to CPLR 3211 (a) (5), on the ground that the action is
barred by the statute of limitations.
A first-party no-fault cause of action accrues 30 days after the insurer's receipt of the claim
(see Insurance Law § 5106 [a]; 11 NYCRR 65-3.8; DJS Med. Supplies, Inc. v Clarendon Natl.
Ins. Co., 32 Misc 3d 129[A], 2011 NY Slip Op 51304[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2011]; Kings
Highway Diagnostic Imaging, P.C. v MVAIC, 19 Misc 3d 69 [App Term, 2d Dept, 2d
& 11th Jud Dists 2008]; Boulevard
Multispec Med., P.C. v MVAIC, 19 Misc 3d 138[A], 2008 NY Slip Op 50872[U] [App
Term, 2d Dept, 2d & 11th Jud Dists 2008]). The six-year statute of limitations for contract
actions is applicable to this cause of action (see CPLR 213 [2]). As defendant correctly
argues, the record establishes that the action was not commenced until more than six years after
the cause of action accrued (see Oleg
Barshay, D.C., [*2]P.C. v State Farm Ins. Co., 14 Misc 3d
74 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]). In opposition, plaintiff failed to
raise an issue of fact as to the action's timeliness. Consequently, the action was barred by the
six-year statute of limitations set forth in CPLR 213 (2).
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion to
dismiss the complaint is granted.
ALIOTTA, P.J., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 13, 2020