New Millennium Med. Imaging, P.C. v GEICO (2022 NY Slip Op 22300)

New Millennium Med. Imaging, P.C. v GEICO

2022 NY Slip Op 22300 [76 Misc 3d 31]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, November 23, 2022

[*1]

New Millennium Medical Imaging, P.C., as Assignee of Shomari Neysmith, Respondent,
v
GEICO, Appellant.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, September 23, 2022

APPEARANCES OF COUNSEL

Law Office of Goldstein, Flecker & Hopkins (Lawrence J. Chanice of counsel) for appellant.
Law Office of Damin J. Toell, P.C. (Damin J. Toell of counsel) for respondent.

{**76 Misc 3d at 32} OPINION OF THE COURT

Memorandum.

Ordered that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals, as limited by its notice of appeal, from so much of an order of the Civil Court as denied defendant's motion which had sought to dismiss the complaint, pursuant to CPLR 3211 (a) (5), on the ground that the action is barred by the statute of limitations.
A defendant moving to dismiss a complaint on statute of limitations grounds bears the initial burden of establishing, prima facie, that the time in which to commence the action has expired (see 6D Farm Corp. v Carr, 63 AD3d 903 [2009]; Island ADC, Inc. v Baldassano Architectural Group, P.C., 49 AD3d 815 [2008]). It is well settled that the six-year statute of limitations applies to the claim involved herein (CPLR 213 [2]; see Mandarino v Travelers Prop. Cas. Ins. Co., 37 AD3d 775 [2007]; Cautious Care Med., P.C. v Omni Indem. Co., 69 Misc 3d 145[A], 2020 NY Slip Op 51384[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). The time within which an action must be commenced is computed "from the time the cause of action accrued to the time the claim is interposed" (CPLR 203 [a]).
[*2]
"[A]n insurance company must pay or deny [a no-fault] claim within 30 calendar days after receipt of the proof of claim" (Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d 312, 317 [2007]; see 11 NYCRR 65-3.8 [c]). Indeed, Insurance Law § 5106 (a) provides that no-fault "benefits are overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained" (see 11 NYCRR{**76 Misc 3d at 33}65-3.8 [a]; Roman Chiropractic, P.C. v Lumbermens Mut. Cas. Co., 33 Misc 3d 138[A], 2011 NY Slip Op 52090[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011])—the "claim determination period." Thus, in a case where an insurance company failed to pay or deny a no-fault claim, and where there had been no timely verification requests, this court stated that "[a] first-party no-fault cause of action accrues 30 days after the insurer's receipt of the claim" (DJS Med. Supplies, Inc. v Clarendon Natl. Ins. Co., 32 Misc 3d 129[A], 2011 NY Slip Op 51304[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; see Cautious Care Med., P.C. v Omni Indem. Co., 69 Misc 3d 145[A], 2020 NY Slip Op 51384[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). Of course, the claim determination period does not always run exactly from receipt of the claim form, nor is it always a full 30 days long. As stated by the Court of Appeals:
"If an insurer seeks additional verification, however, the 30-day window is tolled until it receives the relevant information requested (see 11 NYCRR 65-3.8 [a] [1]). . . .
"[A]n insurer that requests additional verification after the 10- or 15-business-day periods but before the 30-day claim denial window has expired is entitled to verification. In these instances, the 30-day time frame to pay or deny the claim is correspondingly reduced (see 11 NYCRR 65-3.8 [j]; Nyack Hosp. v General Motors Acceptance Corp., 8 NY3d 294, 300 [2007])" (Hospital for Joint Diseases, 9 NY3d at 317-318).
Whether or not there is a toll,[FN1] if the insurer fails to pay or deny the claim within the claim determination period, the cause of action to recover on that claim accrues at the close of that period (see New Millenium Med. Supply v Clarendon Natl. Ins. Co., 29 Misc 3d 130[A], 2010 NY Slip Op 51820[U], *1 [App Term, 1st Dept 2010] ["the cause of action accrued on the date the claim became overdue—here, 30 days after defendant's receipt of the claim—not the date of defendant's untimely {**76 Misc 3d at 34}denial of the claim"]). However, when a claim is timely denied prior to the expiration of the claim determination period, the Appellate Division, First Department, has held [*3]that the cause of action accrues immediately upon the denial (see Matter of Travelers Indem. Co. of Conn. v Glenwood Med., P.C., 48 AD3d 319, 320 [2008] [the claim therein "was not timely interposed where it had been denied in full by the insurer . . . more than six years before the provider" sought to recover on the claim]).
In New York Med. Rehab., P.C. v Travelers Ins. Co. (40 Misc 3d 76 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]), wherein the claim was received by the defendant on December 16, 2002, this court held that the no-fault cause of action therein had accrued, i.e., that payment became "overdue," on January 14, 2003, the date that the insurer "issued and mailed its denial of claim form" (id. at 81 [emphasis added]). In the motion herein, defendant acknowledged that it had received the claim at issue on September 17, 2011, requiring defendant to pay or deny the claim by October 17, 2011, absent any toll in effect, which plaintiff has not shown to be the case here. Plaintiff commenced this action on October 6, 2017, within six years of October 17, 2011. However, defendant, citing New York Med. Rehab., P.C., argued that plaintiff's claim accrued prior to October 17, 2011. Defendant demonstrated, prima facie, that it mailed a denial of the relevant claim on October 3, 2011, i.e., six years and three days prior to the commencement of the action on October 6, 2017. Thus, defendant argued, pursuant to New York Med. Rehab., P.C., the action was barred by the statute of limitations.
While this court properly held in New York Med. Rehab., P.C. that the denial of a claim prior to the expiration of the claim determination period commences the running of the statute of limitations (see Matter of Travelers Indem. Co. of Conn., 48 AD3d 319), to the extent that this court further held that a no-fault claimant's cause of action accrues on the date an insurer "issue[s] and mail[s] its denial of claim form" (40 Misc 3d at 81 [emphasis added]), New York Med. Rehab., P.C. should no longer be followed.[FN2] Instead, "construing the no-fault regulations as a whole and considering their various sections in reference to each other, as we must" (East Acupuncture, P.C. v Allstate{**76 Misc 3d at 35}Ins. Co., 61 AD3d 202, 210 [2009]), we hold that, where a no-fault claimant receives a denial of claim form prior to the expiration of the claim determination period, the claimant's right to recover upon that claim accrues upon its receipt of the denial. This conclusion is based upon our reading of 11 NYCRR 65-3.9 (c) which provides in part that "[i]f an applicant does not . . . institute a lawsuit within 30 days after the receipt of a denial of claim form . . . interest shall not accumulate on the disputed claim or element of claim until such action is taken" (emphasis added).
[*4]
The clear implication of 11 NYCRR 65-3.9 (c) is that interest begins to run immediately upon the applicant's receipt of a denial of a claim prior to the expiration of the claim determination period, so long as a lawsuit is commenced within 30 days following plaintiff's receipt of the denial of claim form. If interest begins to run from receipt of the denial, then the accrual date for the cause of action arising from the failure to pay the claim is also logically the date the denial of claim was received by the applicant.
In its motion, defendant, relying on this court's prior statement that the relevant accrual date was the mailing of the denial, proffered prima facie evidence of such mailing but did not offer any proof as to when, or if, the denial of claim form at issue was received by plaintiff. Plaintiff has not, on this record, acknowledged the date it received the denial or whether it ever received it. While proper proof of mailing creates a rebuttable presumption of receipt (see Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001]), it does not create a presumption as to exactly when an item is received. In the absence of any rule or prima facie proof of the actual date of receipt, a duly mailed item is presumed received within a reasonable period of time. What is a reasonable period includes various factors, such as where the item was mailed from, how it was mailed (e.g., first-class mail, overnight mail, or otherwise), the nature of the intervening days (e.g., weekends or legal holidays) and when plaintiff claims to have received it, if at all.
We note that CPLR 2103 (b) (2) provides that
"where a period of time prescribed by law is measured from the service of a paper and service is by{**76 Misc 3d at 36} mail, five days shall be added to the prescribed period if the mailing is made within the state and six days if the mailing is made from outside the state but within the geographic boundaries of the United States."
"By its terms, of course, CPLR 2103 applies [only] to pending actions" (Matter of ATM One v Landaverde, 2 NY3d 472, 478 [2004]), and the time periods at issue here are in claims processing, not litigation. Moreover, that statute concerns the addition of time at the end of a prescribed period, whereas here the question is when the prescribed period should begin. Nevertheless, CPLR 2103 (b) (2), which was designed "to compensate for the delay in receipt of the papers served that is inherent in service by mail" (HSBC Bank USA, N.A. v Maniatopoulos, 175 AD3d 575, 576 [2019]), appears to reflect a legislative finding as to the approximate last day when various mailings are likely to be received, without fixing any specific date for receipt within that time frame (see id. at 576 [noting that the CPLR time period was extended "from three to five days in 1982 because the existing three-day (period) was seen as inadequate"]). Thus, CPLR 2103 (b) (2) may be useful as a guide to help determine the presumptive reasonable date of receipt; however, a properly-mailed item should not automatically be presumed to be received exactly five or six days thereafter. Rather, receipt can, based on the particular facts presented, be presumed to be less than five or six days (for example if it was mailed from the same zip code as the addressee's) or greater than five or six days after mailing, depending on the factors outlined above.
Here, defendant mailed its denial of claim form on Monday, October 3, 2011, from Woodbury, New York, to Flushing, New York, and plaintiff commenced this action on October 6, 2017. In order to hold that the commencement of this action occurred after the statute of limitations had expired, this court would have to find that it is reasonable to presume that plaintiff received the denial of claim form by October 5, 2011—two days after it was mailed. In [*5]the circumstances presented on this record, we do not find that to be a reasonable presumption.
As defendant did not establish that the accrual date for plaintiff's cause of action was on or before October 5, 2011, defendant did not demonstrate, prima facie, that the action is barred by the statute of limitations and, consequently, we need not determine whether the cause of action accrued any earlier than October 17, 2011, the date that the claim determination period terminated.{**76 Misc 3d at 37}
Accordingly, the order, insofar as appealed from, is affirmed.
Aliotta, P.J., Golia and Buggs, JJ., concur.

Footnotes

Footnote 1:We note that, in moving to dismiss a no-fault complaint on statute of limitations grounds, an insurer is not required to demonstrate, prima facie, that a "payment due date was not tolled by a verification request" (A.M. Med., P.C. v Continental Ins. Co., 47 Misc 3d 128[A], 2015 NY Slip Op 50389[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; see Shtarkman v MVAIC, 20 Misc 3d 132[A], 2008 NY Slip Op 51447[U], *1 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]).

Footnote 2:We note that, in order for a denial of claim to be timely, the denial of claim form need only be mailed prior to the expiration of the claim determination period so as to prevent a preclusion of defenses raised in the denial; it does not have to be received prior to the end of that period to avoid preclusion. However, this is a separate question from what the relevant date is as to the accrual of the cause of action.