ZZ Acupuncture, P.C. v Kemper Ins. Co. (2024 NY Slip Op 51205(U))

[*1]

ZZ Acupuncture, P.C. v Kemper Ins. Co.

2024 NY Slip Op 51205(U)

Decided on August 30, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 30, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2023-1253 K C

ZZ Acupuncture, P.C., as Assignee of Sal Tarantino, Respondent, 
against
Kemper Insurance Company, Appellant. 

Goldberg, Miller & Rubin, P.C. (Harlan R. Schreiber of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa Kennedy, J.), entered June 20, 2019. The order, insofar as appealed from, denied defendant's motion to dismiss the complaint and, upon, in effect, denying plaintiff's cross-motion for summary judgment, made, in effect, CPLR 3212 (g) findings in favor of plaintiff.

ORDERED that the order, insofar as appealed from, is modified by providing that the branches of defendant's motion seeking to dismiss the first and second causes of action are granted; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In this action commenced by a provider on January 23, 2018 to recover assigned first-party no-fault benefits, defendant moved to dismiss the complaint on the ground that the statute of limitations had expired, as the claims "became overdue 30 days from the date of receipt of the bills by" defendant. Plaintiff cross-moved for summary judgment or, in the alternative, for an order pursuant to CPLR 3212 (g) deeming certain facts established for all purposes in this action. Defendant appeals from so much of an order of the Civil Court (Odessa Kennedy, J.) entered June 20, 2019 as denied defendant's motion to dismiss the complaint and, upon, in effect, denying plaintiff's cross-motion for summary judgment, made, in effect, CPLR 3212 (g) findings limiting the issues for trial to "defendant's mailing of the denials and the defenses raised in those [*2]denials based on IME cut off and statute of limitation[s]." On appeal, defendant argues that the claims became overdue upon plaintiff's receipt of the denial of claim forms mailed by defendant.
The date by which an action must be commenced is determined by computing "from the time the cause of action accrued to the time the claim is interposed" (CPLR 203 [a]). A defendant asserting a statute of limitations defense must establish that the plaintiff commenced the action after the expiration of the statute of limitations (see 6D Farm Corp. v Carr, 63 AD3d 903 [2009]; Island ADC, Inc. v Baldassano Architectural Group, P.C., 49 AD3d 815 [2008]). A no-fault cause of action against an insurance company must be commenced within six years after the cause of action accrues (see CPLR 213 [2]; Mandarino v Travelers Prop. Cas. Ins. Co., 37 AD3d 775 [2007]), and the cause of action accrues when payment of no-fault benefits becomes "overdue" (see Insurance Law § 5106 [a]; see also Matter of Travelers Indem. Co. of Conn. v Glenwood Med., P.C., 48 AD3d 319, 320 [2008]; Mandarino, 37 AD3d 775; Acupuncture Works, P.C. v MVAIC, 27 Misc 3d 131[A], 2010 NY Slip Op 50646[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). Where an insurance company fails to pay or deny a no-fault claim, "[a] first-party no-fault cause of action accrues 30 days after the insurer's receipt of the claim" (DJS Med. Supplies, Inc. v Clarendon Natl. Ins. Co., 32 Misc 3d 129[A], 2011 NY Slip Op 51304[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]), absent proof of any tolling of the 30-day claim determination period. However, "where a no-fault claimant receives a denial of claim form prior to the expiration of the claim determination period, the claimant's right to recover upon that claim accrues upon its receipt of the denial" (New Millennium Med. Imaging, P.C. v GEICO Ins. Co., 76 Misc 3d 31, 35 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022] [emphasis omitted]). While defendant's claims representative alleged, in an affidavit that defendant submitted in support of its motion to dismiss the complaint, that the claims at issue were denied, the affidavit failed to establish when the denials were received by, or even mailed to, plaintiff (see Westchester Med. Ctr. v Countrywide Ins. Co., 45 AD3d 676 [2007]), and there have been no allegations of any tolling. Thus, on the record before us, there is no basis to find that the causes of action accrued any earlier or later than 30 days after defendant received these claims (see DJS Med. Supplies, Inc., 2011 NY Slip Op 51304[U]). 

A review of the record (see CPLR 3212 [b]; Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106 [1984]) reveals that defendant has admitted receiving the claim forms underlying the first and second causes of action on November 28, 2011. Since the instant action was commenced on January 23, 2018, plaintiff's first and second causes of action were commenced after the statute of limitations had elapsed (see DJS Med. Supplies, Inc., 2011 NY Slip Op 51304[U]). 
However, contrary to defendant's contention, the record does not establish, as a matter of law, that the third, fourth, fifth, and sixth causes of action were commenced after the statute of limitations had elapsed. Plaintiff mailed the claim forms underlying the third, fourth and fifth causes of action on December 28, 2011 and the claim forms underlying the sixth cause of action on January 22, 2012. If defendant received the earliest of these on January 3, 2012, as it claimed in its motion, then these causes of action were timely commenced on January 23, 2018 in the absence of proof that defendant issued denials that resulted in earlier accrual dates (see New [*3]Millennium Med. Imaging, P.C., 76 Misc 3d at 35). Thus, defendant did not establish on this record that these causes of action were commenced after the statute of limitations had elapsed.
Finally, defendant fails to articulate a sufficient basis to strike the Civil Court's findings, in effect, pursuant to CPLR 3212 (g), limiting the issues for trial (see EMC Health Prods., Inc. v Geico Ins. Co., 43 Misc 3d 139[A], 2014 NY Slip Op 50786[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]).
Accordingly, the order, insofar as appealed from, is modified by providing that the branches of defendant's motion seeking to dismiss the first and second causes of action are granted.
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 30, 2024