NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. [784 NYS2d 593]—

In an action to recover no-fault medical payments, the defendant appeals from a judgment of the Supreme Court, Nassau County (Jonas, J.), entered July 26, 2004, which, upon a decision of the same court dated February 10, 2004, is in favor of the plaintiff and against it.

Ordered that on the Court's own motion, the notice of appeal from the decision is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed, with costs.

Contrary to the defendant's contention, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law by submitting evidentiary proof that the prescribed statutory billing forms had been mailed and received and that payment of no-fault benefits was overdue (*see* Insurance Law § 5106 [a]; 11 NYCRR 65.15 [g] [3]; *Mary Immaculate Hosp. v Allstate Ins. Co.,* 5 AD3d 742, 742-743 [2004]; *St. Luke's Roosevelt Hosp. v American Tr. Ins. Co.,* 1 AD3d 498 [2003]). In opposition, the defendant failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

The defendant neither denied the claim within 30 days after

receiving it nor sought to extend that time by requesting verification (*see* 11 NYCRR 65.15 [g] [3]; [d] [1]; [e]). We reject the defendant's contention that the 30-day time requirement contained in 11 NYCRR 65.15 (g) (3) does not apply to it until after it has "qualified" an injured party. The defendant "shall have only those rights and obligations which are applicable to an insurer subject to article [51 of the Insurance Law]" (Insurance Law § 5221 [b] [3]). Moreover, the subject regulation expressly applies to the defendant (*see* 11 NYCRR 65.15). To permit the defendant to obviate the 30-day time requirement would frustrate the purpose and objective of the No-Fault Law "to assure claimants of expeditious compensation for their injuries through prompt payment of first-party benefits without regard to fault and without expense to them" (*Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 225 [1986]). It would also frustrate the purpose and objective of 11 NYCRR 65.15 (g) (3), "to provide a tightly timed process of claim, disputation and payment" (*Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, 90 NY2d 274, 281 [1997]).

Moreover, the defendant's failure to object to the adequacy of the plaintiff's claim form within 10 days of receipt constituted a waiver of any defenses based thereon (*see* 11 NYCRR 65.15 [d]; *New York Hosp. Med. Ctr. of Queens v AIU Ins. Co.*, 8 AD3d 456 [2004]; *New York & Presbyt. Hosp. v American Tr. Ins. Co.*, 287 AD2d 699, 701 [2001]; *Mount Sinai v Triboro Coach*, 263 AD2d 11, 17 [1999]). Santucci, J.P., Schmidt, Cozier and Rivera, JJ., concur.