OPINION OF THE COURT
Per Curiam.
Order, entered February 7, 2006, affirmed, with $10 costs.
Contrary to plaintiffs contention, defendant Motor Vehicle Accident Indemnification Corporation (MVAIC) has the “rights and obligations” applicable to an insurer under article 51 of the Insurance Law (see Insurance Law § 5221 [b] [3]; New York Hosp. Med. Ctr. of Queens v Motor Veh. Acc. Indem. Corp., 12 AD3d 429, 430 [2004]) and is entitled to notice of claim within 45 days of the date services are rendered (see 11 NYCRR 65-1.1).
The record reveals that the health care services herein were rendered to plaintiffs assignor on July 31, 2003. MVAIC received plaintiffs proof of claim on March 30, 2004, eight months after the date the services were rendered. Attached to plaintiffs proof of claim was correspondence indicating that plaintiff had made an “accidental submission” to State Farm Insurance Company in August 2003; a facsimile, dated September 23, 2003, transmitting State Farm’s cancellation notice of its policy effective January 3, 2003; and a December 18, 2003 letter to plaintiff from its attorney stating that the attorney was no longer looking to State Farm for payment of the bill because there was “no policy.” MVAIC ultimately denied the claim based on plaintiffs untimely submission of proof of claim and afforded plaintiff the opportunity to provide a “reasonable justification” for the delay (see 11 NYCRR 65-3.3 [e]; Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 863 [2003]).
Defendant’s motion for summary judgment was properly granted. Even assuming, arguendo, that plaintiffs inadvertent submission of the claim to State Farm initially justified its delay in submitting the claim to MVAIC (see 11 NYCRR 65-3.5 [1]), plaintiff failed to address, much less provide a “reasonable justification” for the 3V2-month delay between December 18, 2003, when plaintiffs counsel advised plaintiff that there was no coverage, and plaintiffs submission of the claim to MVAIC on March 26, 2004.
*91 We have considered plaintiffs remaining argument and find it unavailing.
McKeon, J.E, McCooe and Schoenfeld, JJ., concur.