OPINION OF THE COURT
Memorandum.
Order reversed without costs and defendant’s motion for summary judgment dismissing the complaint granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant MVAIC moved for summary judgment on the ground that the action was barred by the statute of limitations. The complaint alleged that the subject claim form was submitted to defendant on or about June 12, 2000. Moreover, both defendant and plaintiff took the position in the lower court that the claim form was submitted and received in June 2000 and that payment became overdue on July 13, 2000. We note that neither side has shown the existence of a verification request on or before July 12, 2000 that would have postponed the payment due date (see Insurance Dept Regs [11 NYCRR] former § 65.15 [d], [g], now Insurance Dept Regs [11 NYCRR] §§ 65-3.5, 65-3.8).
We reject plaintiff’s argument that MVAIC’s first denial of claim form, dated December 12, 2000, postponed the payment due date. Even if this denial of claim form is considered a request for verification, it was submitted beyond the date when payment became overdue, and therefore could not toll the payment due date (see Insurance Dept Regs [11 NYCRR] former § 65.15 [d], [g], now Insurance Dept Regs [11 NYCRR] §§ 65-3.5, 65-3.8; see generally Nyack Hosp. v General Motors Acceptance Corp., 8 NY3d 294, 300-301 [2007]). We disagree with plaintiffs position that its gratuitous compliance with a verification request issued beyond the payment due dáte, or its apparent willingness now to unilaterally waive the time limit for the sending of a verification request, can render the “verification request” of December 12, 2000 timely and, ultimately, postpone the accrual date of its cause of action. Neither the relevant statute nor the applicable regulations provide for such a waiver.
In view of the foregoing, we find that plaintiffs cause of action accrued on July 13, 2000 (see Aetna Life & Cas. Co. v Nel *71 son, 67 NY2d 169, 175 [1986]). Because plaintiff did not commence this action until November of 2004, it was barred by the three-year statute of limitations set forth in CPLR 214 (2) (see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214 [1996]; cf. Mandarino v Travelers Prop. Cas. Ins. Co., 37 AD3d 775 [2007]).
Plaintiff contends, in effect, that MVAIC should be equitably estopped from taking the position that its own verification requests were untimely. Plaintiff also takes the more general position that MVAIC should be equitably estopped from raising the statute of limitations as a defense here. These arguments are best understood in the context of MVAIC’s stated position and its practice at the time plaintiffs claim was being processed, which were that neither the 30-day time period for payment or denial nor the time limit for verification requests (see Insurance Dept Regs [11 NYCRR] former § 65.15 [d], [g], now Insurance Dept Regs [11 NYCRR] §§ 65-3.5, 65-3.8) began to run until an injured person was “qualified” by MVAIC pursuant to Insurance Law § 5202 (see New York Hosp. Med. Ctr. of Queens v Motor Veh. Acc. Indent. Corp., 12 AD3d 429, 430 [2004] [noting MVAIC’s position]). Hence, in MVAIC’s view at the time, its denial of claim form of December 12, 2000 — treated by the parties as a request for information needed to determine whether the assignor was “qualified” — was timely. Similarly, in MVAIC’s view, when the assignor was finally “qualified” by MVAIC on March 25, 2003, that marked the date on which MVAIC’s obligation to pay or deny the claim (or, if it chose, to toll the payment period by a timely verification request) began to run. Accordingly, still in MVAIC’s view at the time, its denial on the merits of April 11, 2003 was timely. Under this line of reasoning, plaintiffs cause of action would have accrued in April 2003 and its lawsuit would have been timely.
In New York Hosp. Med. Ctr. of Queens v Motor Veh. Acc. Indent. Corp. (12 AD3d 429 [2004]), the Appellate Division, Second Department, rejected MVAIC’s position that its obligations only began upon qualification of the injured person (id. at 430). Thus, under New York Hosp. Med. Ctr. of Queens, plaintiffs cause of action here accrued 31 days after MVAIC received the claim— that is, on July 13, 2000. Plaintiff argues, in effect, that MVAIC should be equitably estopped from disavowing its own prior position. MVAIC’s conduct was deceptive, plaintiff maintains, because MVAIC’s administrative process led plaintiff erroneously to believe that it had an active pending claim up until the *72 date of the final denial — April 11, 2003. Plaintiff contends that this mistaken belief on its part was the pivotal factor in its delay in bringing the instant suit.
Even if it is assumed, arguendo, that plaintiffs contention raises some sympathy for its plight, this does not mean that the doctrine of equitable estoppel should be applied against MVAIC. In Airco Alloys Div. v Niagara Mohawk Power Corp. (76 AD2d 68, 81 [1980]), the Court said: “The elements of estoppel are with respect to the party estopped: (1) conduct which amounts to a false representation or concealment of material facts; (2) intention that such conduct will be acted upon by the other party; and (3) knowledge of the real facts.”
Plaintiff has not demonstrated that MVAIC had “knowledge of the real facts” — in particular, knowledge of the fact that plaintiffs cause of action was going to accrue before the qualification process was completed. Indeed, it seems obvious that MVAIC was not aware of this fact.
Plaintiff has demonstrated no attempt on MVAIC’s part to make false representations or conceal. Rather, MVAIC simply and openly followed its interpretation of the applicable law and regulations. Indeed, plaintiff could have challenged this interpretation at any time, as did the plaintiff in New York Hosp. Med. Ctr. of Queens v Motor Veh. Acc. Indem. Corp. (12 AD3d 429 [2004]). General Stencils v Chiappa (18 NY2d 125 [1966]), relied upon heavily by plaintiff in its brief, is readily distinguishable. In General Stencils, the Court held that “the admitted thievery of defendant entitle[d] plaintiff to litigate the issue of equitable estoppel” (id. at 128). MVAIC’s administrative process here, although ultimately held inconsistent with the statutory scheme, did not amount by any stretch of the imagination to “thievery.” Thus, we reject plaintiffs argument that MVAIC should be equitably estopped from raising a statute of limitations defense.
Pesce, PJ., Weston Patterson and Golia, JJ., concur.