Natural Therapy Acupuncture, P.C., as Assignee of LINDA IKE, Appellant,
against
MVAIC, Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Ulysses Bernard Leverett, J.), entered March 18, 2014. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which denied plaintiff's motion for summary judgment, and granted the cross motion by defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC) for summary judgment dismissing the complaint on the ground that the action is barred by the statute of limitations.
A defendant moving to dismiss a complaint on statute of limitations grounds bears the initial burden of establishing, prima facie, that the time in which to commence the action has expired (see 6D Farm Corp. v Carr, 63 AD3d 903 [2009]; Island ADC, Inc. v Baldassano Architectural Group, P.C., 49 AD3d 815 [2008]). In the case at bar, MVAIC established that the action had been commenced after the expiration of the three-year statute of limitations. In opposition, plaintiff failed to raise a triable issue of fact as to the timeliness of the action (see Precision Radiology Servs., P.C. v MVAIC, 34 Misc 3d 126[A], 2011 NY Slip Op 52274[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Kings Highway Diagnostic Imaging, P.C. v MVAIC, 19 Misc 3d 69 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]).
Accordingly, the order is affirmed.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: September 27, 2016