Daily Medical Equipment Distribution Center, Inc., as Assignee of GABRIEL LOUIS-CHARLES, Appellant,
against
MVAIC, Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Jodi Orlow, J.), entered February 3, 2014. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, without costs, plaintiff's motion for summary judgment is granted, defendant's cross motion for summary judgment dismissing the compliant is denied, and the matter is remitted to the Civil Court for the calculation of statutory interest and an assessment of attorney's fees.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC) cross-moved for summary judgment dismissing the complaint on the ground that the action was premature due to plaintiff's failure to provide requested verification. By order entered February 3, 2014, the Civil Court denied plaintiff's motion and granted defendant's cross motion.
The papers submitted by defendant in support of its cross motion demonstrate that MVAIC neither denied the claims within 30 days of receiving them nor timely sought to extend its time to do so by requesting verification (see 11 NYCRR 65-3.5 [b]; 65-3.6 [b]; 65-3.8 [a] [1]). In New York Hosp. Med. Ctr. of Queens v Motor Veh. Acc. Indem. Corp. (12 AD3d 429 [2004]), the Appellate Division rejected MVAIC's contention, which MVAIC similarly asserts here, that the 30-day claim determination period does not begin to run until after MVAIC is satisfied that a claimant is a "qualified person" (see Insurance Law § 5202 [b]) who is also a "covered person" (see Insurance Law § 5221 [b] [2]; New York Hosp. Med. Ctr. of Queens, 12 AD3d 429). The Appellate Division held that defenses which are subject to preclusion remain subject to the time frames set forth in the regulations applicable to claims which seek to recover first-party no-fault benefits pursuant to Insurance Law article 51. As the initial request for verification in this action was sent more than 100 days after the last claim had been received by defendant, this action is not premature and, due to defendant's failure to timely deny the claims at issue, defendant may not raise any defenses which are subject to preclusion (see Presbyterian Hosp. in City of NY v Maryland Cas. Co., 90 NY2d 274, 281 [1997]; New York Hosp. Med. Ctr. of Queens, 12 AD3d 429).
Plaintiff's moving papers failed to demonstrate plaintiff's prima facie entitlement to [*2]summary judgment, because the affidavit submitted by plaintiff in support of its motion did not establish that the claims at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denials of claim that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Nevertheless, as the record establishes that defendant has failed to timely deny the claims at issue or toll its time to do so by issuing timely requests for verification, and as defendant has not interposed a defense which is not subject to preclusion, plaintiff is entitled to summary judgment.
Accordingly, the order is reversed, plaintiff's motion for summary judgment is granted, defendant's cross motion for summary judgment dismissing the complaint is denied, and the matter is remitted to the Civil Court for the calculation of statutory interest and an assessment of attorney's fees, pursuant to Insurance Law § 5106 and the regulations promulgated thereunder.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: November 01, 2016