Matthew Carniol, DC, a/a/o Gladys Godinez, Plaintiff-Respondent, 
against
MVAIC, Defendant-Appellant.



Defendant appeals from an order of the Civil Court of the City of New York, New York County (Carol R. Feinman, J.), entered March 10, 2016, which denied its motion for summary judgment dismissing the complaint.




Per Curiam.
Order (Carol R. Feinman, J.), entered March 10, 2016, reversed, without costs, motion granted and the complaint is dismissed. The Clerk is directed to enter judgment accordingly.
Defendant MVAIC established its prima facie entitlement to summary judgment by submitting evidence establishing that it denied plaintiff's claims for no-fault benefits as untimely, since they were submitted more than 45 days of the date services were rendered (see 11 NYCRR 65-1.1), that its denials informed plaintiff that MVAIC could excuse the delay if plaintiff provided "reasonable justification" for the late submission (see 11 NYCRR 65-3.3[e]), and that plaintiff did not submit any additional materials in response to MVAIC's claim denials (see Bronx Expert Radiology, P.C. v Motor Veh. Acc. Indem. Corp., 20 Misc 3d 140[A], 2008 NY Slip Op 51612[U] [App Term, 1st Dept 2008]).
In opposition, plaintiff failed to raise a triable issue. Contrary to plaintiff's contention, the cover letters submitted with its claim, which stated that the claims were initially submitted to other carriers, did not constitute any justification for the late submission to MVAIC, since there was no explanation as to why the claims were initially submitted to other insurance companies, nor any proof that, after learning that the claims were to be submitted to MVAIC, plaintiff submitted all the claims within a reasonable time (see NY Arthroscopy & Sports Medicine PLLC v Motor Veh. Acc. Indem. Corp., 15 Misc 3d 89 [App Term, 1st Dept 2007]; Bronx Expert Radiology, P.C. v Motor Veh. Acc. Indem. Corp., 23 Misc 3d 129[A], 2009 NY Slip Op 50621[U] [App Term, 1st Dept 2009]).
We note the absence of a respondent's brief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 28, 2019