Cautious Care Medical, P.C., as Assignee of Fortune, Tyreek, Appellant, 
against
MVAIC, Respondent.




The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Marshall & Marshall, PLLC (Barbara Carabell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered July 13, 2016. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC) moved for summary judgment dismissing the complaint on the ground, among other things, that the action had been commenced after the statute of limitations had expired and plaintiff cross-moved for summary judgment. The Civil Court granted defendant's motion and denied plaintiff's cross motion.
MVAIC's motion papers established, prima facie, that the action had been commenced after the expiration of the three-year statute of limitations (see Kings Highway Diagnostic Imaging, P.C. v MVAIC, 19 Misc 3d 69 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; see also 6D Farm Corp. v Carr, 63 AD3d 903 [2009]; Island ADC, Inc. v Baldassano Architectural Group, P.C., 49 AD3d 815 [2008]). In opposition, plaintiff failed to raise an issue of fact as to the action's timeliness (see New York Hosp. Med. Ctr. of Queens v Motor Veh. Acc. Indem. Corp., 12 AD3d 429 [2004]; Precision Radiology Servs., P.C. v MVAIC, 34 Misc 3d 126[A], 2011 NY Slip Op 52274[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Plaintiff's contention that the statute of limitations was tolled is not properly before this court, as this argument is being raised for the first time on appeal (see Joe v Upper Room Ministries, Inc., 88 AD3d 963 [2011]; Gulf Ins. Co. v Kanen, 13 AD3d 579 [2004]), is contrary to what plaintiff argued in the Civil Court, and, in any event, lacks merit.
Accordingly, the order is affirmed.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 08, 2019