Charles Deng Acupuncture, P.C., as Assignee of Jean, Petit, Respondent, 
against
MVAIC, Appellant. 




Marshall & Marshall, PLLC (Barbara Carabell of counsel), for appellant.
The Rybak Firm, PLLC (Damien Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Rosemarie Montalbano, J.), entered May 10, 2018. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is modified by providing that the branches of defendant's motion seeking summary judgment dismissing the first through fourth causes of action are granted and the matter is remitted to the Civil Court for a hearing in accordance with the decision herein and a new determination thereafter on the branches of defendant's motion seeking summary judgment dismissing the fifth through seventh causes of action; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC) appeals from so much of an order of the Civil Court as denied MVAIC's motion which had sought summary judgment dismissing the complaint on the grounds that the statute of limitations had expired, that MVAIC never received the claim forms underlying the fifth through seventh causes of action, and that the limits of any available coverage had already been exhausted.
MVAIC's motion papers established, prima facie, that the action had been commenced after the three-year statute of limitations had expired with respect to the claims underlying the first through fourth causes of action (see Kings Highway Diagnostic Imaging, P.C. v MVAIC, 19 Misc 3d 69 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; see also 6D Farm Corp. v Carr, 63 AD3d 903 [2009]; Island ADC, Inc. v Baldassano Architectural Group, P.C., 49 AD3d 815 [2008]). In opposition, plaintiff failed to raise an issue of fact as to the action's timeliness (see New York Hosp. Med. Ctr. of Queens v Motor Veh. Acc. Indem. Corp., 12 AD3d 429 [2004]; Precision Radiology Servs., P.C. v MVAIC, 34 Misc 3d 126[A], 2011 NY Slip Op 52274[U] [*2][App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
With respect to the fifth through seventh causes of action, contrary to MVAIC's argument, it failed to establish, as a matter of law, an exhaustion of the available coverage limits, as it did not demonstrate that the available limits had been exhausted at the time the claims at issue were complete (see 11 NYCRR 65-3.15; Alleviation Med. Servs., P.C. v Allstate Ins. Co., 55 Misc 3d 44 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; see also Nyack Hosp. v General Motors Acceptance Corp., 8 NY3d 294 [2007]). Nevertheless, MVAIC did demonstrate that it is entitled to summary judgment dismissing these causes of action; however, the record does not establish, as a matter of law, whether the dismissal should be with prejudice or without prejudice. While MVAIC made a prima facie showing that it had not received the claim forms underlying these causes of action, the affidavit submitted by plaintiff's owner was sufficient to give rise to a presumption that those claim forms had been timely mailed to, and received by, defendant (see Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001]). If the subject claim forms were mailed by plaintiff and received by MVAIC, the branch of MVAIC's motion which asserts that the statute of limitations had expired before plaintiff commenced this action upon such claim forms should be granted, and such a dismissal would be with prejudice. However, if MVAIC sufficiently establishes that it never received them, the branch of MVAIC's motion which asserts that these causes of action are premature should instead be granted (see Veraso Med. Supply Corp. v NY City Tr. Auth., 63 Misc 3d 152[A], 2019 NY Slip Op 50754[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]), which dismissal would be without prejudice. As a result, we are of the opinion that, under the unique circumstances presented, a hearing is necessary pursuant to CPLR 2218, on the limited issue of whether plaintiff mailed and MVAIC received the claim forms underlying the fifth through seventh causes of action (see Med-Tech Prods., Inc. v Statewide Ins. Co., 35 Misc 3d 128[A], 2012 NY Slip Op 50584[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Park Slope Med. & Surgical Supply, Inc. v GEICO Ins. Co., 27 Misc 3d 131[A], 2010 NY Slip Op 50650[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; see also Uniform Rules for NY City Civ Ct [22 NYCRR] § 208.11 [b] [4]), as the findings made after such a hearing will prove dispositive.
Accordingly, the order, insofar as appealed from, is modified by providing that the branches of defendant's motion seeking summary judgment dismissing the first through fourth causes of action are granted, and the matter is remitted to the Civil Court for a framed issue hearing (see CPLR 2218) to determine whether MVAIC received the claim forms which are the subject of the fifth through seventh causes of action and thus, the ground upon which the branches of defendant's motion seeking summary judgment dismissing such causes of action shall be granted.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 13, 2019