Active Care Medical Supply Corp., as Assignee of Deandre, Sean, Respondent,
against
MVAIC, Appellant. 




Marshall & Marshall, PLLC (Barbara Carabell of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa Kennedy, J.), entered February 2, 2018, deemed from a judgment of that court entered May 1, 2018 (see CPLR 5501 [c]). The judgment, entered pursuant to the February 2, 2018 order denying defendant's motion for summary judgment dismissing the complaint or, in the alternative, granting defendant leave to amend its answer, and granting plaintiff's cross motion for summary judgment, awarded plaintiff the principal sum of $6,876.40.




ORDERED that the judgment is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC) moved for summary judgment dismissing the complaint or, in the alternative, for leave to amend its answer to assert that plaintiff is collaterally estopped from maintaining the present action. Plaintiff cross-moved for summary judgment. Defendant appeals from an order of the Civil Court entered February 2, 2018 denying defendant's motion and granting plaintiff's cross motion. A judgment was subsequently entered on May 1, 2018, from which the appeal is deemed to have been taken (see CPLR 5501 [c]).
The papers submitted by MVAIC in support of the branch of its motion seeking summary judgment demonstrate that MVAIC neither denied the claims within 30 days of receiving them [*2]nor timely sought to extend its time to do so by requesting verification (see 11 NYCRR 65-3.5 [b]; 65-3.6 [b]; 65-3.8 [a] [1]). In New York Hosp. Med. Ctr. of Queens v Motor Veh. Acc. Indem. Corp. (12 AD3d 429 [2004]), the Appellate Division rejected MVAIC's contention that the 30-day claim determination period does not begin to run until after MVAIC is satisfied that a claimant is a "qualified person" (see Insurance Law § 5202 [b]) who is also a "covered person" (see Insurance Law § 5221 [b] [2]). The Appellate Division held that defenses which are subject to preclusion remain subject to the time frames set forth in the regulations applicable to claims which seek to recover first-party no-fault benefits pursuant to Insurance Law article 51. Consequently, MVAIC's contentions that it is entitled to summary judgment due to plaintiff's assignor's failure to appear for duly scheduled independent medical examinations, as well as plaintiff's failure to provide requested verification, lack merit as both defenses are precluded (see New York Hosp. Med. Ctr. of Queens, 12 AD3d 429; Daily Med. Equip. Distrib. Ctr., Inc. v MVAIC, 53 Misc 3d 148[A], 2016 NY Slip Op 51622[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
MVAIC's remaining contention—that the branch of its motion seeking leave to amend its answer to assert collateral estoppel should have been granted—lacks merit. Plaintiff was not named in the other proceedings upon which MVAIC relies nor, at the time, was it in privity with someone who was (see Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 486-487 [1979]; Maxford, Inc. v Erie Ins. Co. of NY, 60 Misc 3d 135[A] 2018 NY Slip Op 51057[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]).
Accordingly, the judgment is affirmed.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 13, 2019