First Am. Alliance, Inc. v MVAIC (2021 NY Slip Op 50447(U))

[*1]

First Am. Alliance, Inc. v MVAIC

2021 NY Slip Op 50447(U) [71 Misc 3d 138(A)]

Decided on May 14, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 14, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-836 K C

First American Alliance, Inc., as Assignee
of Sylvia Jupiter, Appellant, 
against
MVAIC, Respondent. 

Gary Tsirelman, P.C. (Jung Pryjma of counsel), for appellant.
Marshall & Marshall, PLLC (Frank D'Esposito of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Consuelo
Mallafre Melendez, J.), entered March 25, 2019. The order granted defendant's motion for
summary judgment dismissing the complaint.

ORDERED that the order is reversed, without costs, and defendant's motion for summary
judgment dismissing the complaint is denied.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court which granted a motion by defendant Motor Vehicle Accident
Indemnification Corporation (sued herein as MVAIC) for summary judgment dismissing the
complaint on the ground of lack of medical necessity.
Contrary to MVAIC's contention, the 30-day period within which MVAIC may timely deny a
claim or request verification begins to run upon receipt of the claim without regard to whether
MVAIC has determined that plaintiff's assignor is a covered person within the meaning of
Insurance Law § 5221 (b) (2) (see
New York Hosp. Med. Ctr. of Queens v Motor Veh. Acc. Indem. Corp., 12 AD3d 429
[2004]; Active Care Med. Supply Corp.
v MVAIC, 66 Misc 3d 128[A], 2019 NY Slip Op 52045[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2019]). As a result, MVAIC's motion seeking summary judgment
dismissing the complaint should have been denied as MVAIC failed to establish that it is not
precluded from interposing its defense of lack of medical necessity (see Active Care Med. Supply Corp. v
MVAIC, 66 Misc 3d 128[A], 2019 NY Slip Op 52045[U]).
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing
the complaint is denied.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 14, 2021