Active Care Med. Supply Corp. v MVAIC (2021 NY Slip Op 50450(U))

[*1]

Active Care Med. Supply Corp. v MVAIC

2021 NY Slip Op 50450(U) [71 Misc 3d 138(A)]

Decided on May 14, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 14, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-1306 K C

Active Care Medical Supply Corp., as
Assignee of Correa, Ana, Respondent,
against
MVAIC, Appellant. 

Marshall & Marshall, PLLC (Frank D'Esposito of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Sandra E.
Roper, J.), entered April 25, 2019. The order, insofar as appealed from, denied defendant's
motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, without costs, and the
matter is remitted to the Civil Court for a hearing, in accordance with this decision and order, to
determine the ground upon which defendant's motion should be granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant Motor
Vehicle Accident Indemnification Corporation (sued herein as MVAIC) moved for summary
judgment dismissing the complaint on the grounds that the action was premature because, on
February 10, 2012, defendant first requested verification and, despite sending a follow-up request
for verification, plaintiff had failed to provide the requested verification. In the alternative,
defendant asserted that it was entitled to summary judgment on the ground that the statute of
limitations had expired because MVAIC did not receive plaintiff's claim form until February 7,
2012 and plaintiff commenced the instant action on December 15, 2015. Plaintiff cross-moved
for summary judgment. Defendant appeals from so much of an order of the Civil Court entered
April 25, 2019 as denied defendant's motion.
MVAIC demonstrated that it had received plaintiff's claim form on February 7, 2012, that it
mailed an initial request for verification on February 10, 2012, and a follow-up request for
verification on March 16, 2012 (see St.
Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008])
and that it had not received the requested verification. Thus, MVAIC demonstrated, prima facie,
that the action is premature (see Central
Suffolk Hosp. v New [*2]York Cent. Mut. Fire Ins. Co., 24
AD3d 492, 493 [2005]). In support of its cross motion and in opposition to MVAIC's
motion, the affidavit submitted by plaintiff's owner was sufficient to demonstrate, prima facie,
that the claim form had been mailed to defendant on October 28, 2010, giving rise to a
presumption that it had been received by MVAIC more than a year before the date on which
MVAIC claims to have received it (see Residential Holding Corp. v Scottsdale Ins. Co.,
286 AD2d 679 [2001]). If MVAIC first received plaintiff's claim form on February 7, 2012, it
would be entitled to summary judgment dismissing the complaint as premature (see Central Suffolk Hosp. v New York
Cent. Mut. Fire Ins. Co., 24 AD3d 492, 493 [2005]), which dismissal would be without
prejudice. However, if the claim form was mailed by plaintiff in October 2010 and received by
MVAIC more than 30 days prior to the mailing of the first verification request, the branch of
MVAIC's motion which asserts that the statute of limitations had expired before plaintiff
commenced this action upon such claim form should be granted because, while MVAIC's
verifications requests would have been untimely, plaintiff's cause of action against MVAIC
would have accrued more than three years before plaintiff commenced the instant action. As
plaintiff failed to raise an issue of fact as to the action's timeliness (see Kings Highway Diagnostic Imaging,
P.C. v MVAIC, 19 Misc 3d 69 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]),
such a dismissal would be with prejudice.
In view of the foregoing, MVAIC has demonstrated that it is entitled to summary judgment
dismissing the complaint. However, the record does not establish, as a matter of law, whether the
dismissal should be with prejudice or without prejudice. As a result, we are of the opinion that,
under the particular circumstances presented, a hearing is necessary pursuant to CPLR 2218, on
the limited issue of when plaintiff mailed and MVAIC received the claim form (see Charles Deng Acupuncture, P.C. v
MVAIC, 66 Misc 3d 129[A], 2019 NY Slip Op 52049[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2019]; Med-Tech
Prods., Inc. v Statewide Ins. Co., 35 Misc 3d 128[A], 2012 NY Slip Op 50584[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Park Slope Med. & Surgical Supply, Inc. v GEICO Ins. Co., 27
Misc 3d 131[A], 2010 NY Slip Op 50650[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2010]; see also Uniform Rules for NY City Civ Ct [22 NYCRR] § 208.11 [b]
[4]), as the findings made after such a hearing will prove dispositive.
Accordingly, the order, insofar as appealed from, is reversed and the matter is remitted to the
Civil Court for a framed issue hearing (see CPLR 2218) to determine when MVAIC
received the claim form which is the subject of this action and thus, the ground upon which
defendant's motion seeking summary judgment dismissing the complaint shall be granted.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 14, 2021