Jamaica Wellness Med., P.C. v MVAIC (2022 NY Slip Op 50574(U))

[*1]

Jamaica Wellness Med., P.C. v MVAIC

2022 NY Slip Op 50574(U) [75 Misc 3d 138(A)]

Decided on June 10, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 10, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-95 K C

Jamaica Wellness Medical, P.C., as
Assignee of Vera Babukyants, Respondent, 
against
MVAIC, Appellant. 

Marshall & Marshall, PLLC (Frank D'Esposito of counsel), for appellant.
Kopelevich & Feldsherova, P.C. (David Landfair of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Rosemarie
Montalbano, J.), entered August 27, 2019. The order, insofar as appealed from, denied the
branches of defendant's motion seeking summary judgment dismissing so much of the complaint
as sought to recover upon claims for dates of service December 10, 2015 and January 12,
2016.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant Motor
Vehicle Accident Indemnification Corporation (sued herein as MVAIC) appeals from so much of
an order of the Civil Court as denied the branches of MVAIC's motion seeking summary
judgment dismissing so much of the complaint as sought to recover upon claims for dates of
service December 10, 2015 and January 12, 2016.
Contrary to MVAIC's contention, the 30-day period within which MVAIC may timely deny a
claim or request verification begins to run upon receipt of the claim without regard to whether
MVAIC has determined that plaintiff's assignor is a covered person within the meaning of
Insurance Law § 5221 (b) (2) (see
New York Hosp. Med. Ctr. of Queens v Motor Veh. Acc. Indem. Corp., 12 AD3d 429
[2004]; Active Care Med. Supply Corp.
v MVAIC, 66 Misc 3d 128[A], 2019 NY Slip Op 52045[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2019]). As a result, with respect to the branches of MVAIC's motion
seeking summary judgment dismissing so much of the complaint as sought to recover upon
claims for dates of service December 10, 2015 and January 12, 2016, MVAIC failed to establish
that it is not precluded from interposing its defense of lack of medical necessity (see Active
Care Med. Supply Corp. v [*2]MVAIC, 2019 NY Slip Op
52045[U]).
Accordingly, the order, insofar as appealed from, is affirmed.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 10, 2022