Right Aid Med. Supply Corp. v MVAIC (2022 NY Slip Op 50786(U))

[*1]

Right Aid Med. Supply Corp. v MVAIC

2022 NY Slip Op 50786(U) [76 Misc 3d 128(A)]

Decided on August 5, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 5, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-967 K C

Right Aid Medical Supply Corp., as
Assignee of Thompson, Carl, Respondent,
against
MVAIC, Appellant. 

Marshall & Marshall, PLLC (Frank D'Esposito of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Patria
Frias-Colón, J.), dated September 16, 2020. The order, insofar as appealed from and as
limited by the brief, denied defendant's motion for summary judgment dismissing the
complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and
defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant Motor
Vehicle Accident Indemnification Corporation (sued herein as MVAIC) moved for summary
judgment dismissing the complaint on the ground, among others, that the action had been
commenced after the statute of limitations had expired, and plaintiff cross-moved for summary
judgment. By order dated September 16, 2020, the Civil Court denied MVAIC's motion for
summary judgment dismissing the complaint, and, upon denying plaintiff's motion for summary
judgment, made implicit CPLR 3212 (g) findings in plaintiff's favor. MVAIC appeals from so
much of the order as denied its motion for summary judgment.
MVAIC's motion papers established, prima facie, that the action had been commenced [*2]after the expiration of the three-year statute of limitations (see Kings Highway Diagnostic Imaging,
P.C. v MVAIC, 19 Misc 3d 69 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; see also 6D Farm Corp. v Carr, 63
AD3d 903 [2009]; Island ADC, Inc.
v Baldassano Architectural Group, P.C., 49 AD3d 815 [2008]). In opposition, plaintiff
failed to raise an issue of fact as to the action's timeliness (see Precision Radiology Servs., P.C. v MVAIC, 34 Misc 3d
126[A], 2011 NY Slip Op 52274[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2011]). In light of the foregoing, we reach no other issue.
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for
summary judgment dismissing the complaint is granted.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 5, 2022