Bronx Chiropractic Rehabilitation, P.C. v MVAIC (2024 NY Slip Op 50799(U))

[*1]

Bronx Chiropractic Rehabilitation, P.C. v MVAIC

2024 NY Slip Op 50799(U)

Decided on June 7, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 7, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., WAVNY TOUSSAINT, PHILLIP HOM, JJ

2023-841 K C

Bronx Chiropractic Rehabilitation, P.C., as Assignee of Lamont, Isaiah, Appellant,
against
MVAIC, Respondent. 

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
Marshall & Marshall, PLLC (Angelique Evangelista and David Gierasch of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (D. Bernadette Neckles, J.), dated June 7, 2023. The order denied plaintiff's motion for summary judgment and granted defendant's cross-motion for summary judgment dismissing the complaint.

ORDERED that the order is modified by providing that defendant's cross-motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment and defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC) cross-moved for summary judgment dismissing the complaint. Plaintiff appeals from an order of the Civil Court (D. Bernadette Neckles, J.) dated June 7, 2023 denying plaintiff's motion and granting MVAIC's cross-motion on the ground that plaintiff's assignor failed to appear at duly scheduled examinations under oath (EUOs).
Contrary to MVAIC's contention, the time period within which MVAIC may timely deny a claim or request verification begins to run upon receipt of the claim without regard to whether MVAIC has determined that plaintiff's assignor is a covered person within the meaning of Insurance Law § 5221 (b) (2) (see New York Hosp. Med. Ctr. of Queens v Motor Veh. Acc. Indem. Corp., 12 AD3d 429 [2004]; Jamaica Wellness Med., P.C. v MVAIC, 75 Misc 3d 138[A], 2022 NY Slip Op 50574[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; Active Care Med. Supply Corp. v MVAIC, 66 Misc 3d 128[A], 2019 NY Slip Op 52045[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). As the papers submitted by MVAIC in support of its cross-motion do not establish that MVAIC issued timely and proper denial of claim forms within 30 days of the last scheduled EUO, MVAIC failed to demonstrate that it is not precluded from raising its defense that plaintiff's assignor failed to appear at duly scheduled EUOs (see Quality Health Supply Corp. v Nationwide Ins., 216 AD3d 1013 [2023]; Westchester Med. Ctr. v [*2]Lincoln Gen. Ins. Co., 60 AD3d 1045 [2009]). Thus, plaintiff correctly asserts that MVAIC's cross-motion for summary judgment should not have been granted on this ground.
MVAIC further contends that an affirmance is warranted on the ground that plaintiff's assignor failed to submit sufficient proof of New York State residency to establish that he was qualified to receive benefits from MVAIC (see Insurance Law § 5202 [b]). Plaintiff correctly argues that this contention lacks merit. The record indicates that, prior to the receipt of plaintiff's claims, MVAIC received the notarized notice of intention to make claim form, executed by plaintiff's assignor, stating that plaintiff's assignor resided at an address located in Brooklyn, New York. Contrary to MVAIC's assertion, this form constitutes sufficient prima facie proof that plaintiff's assignor resided in New York State on the date of the accident, and MVAIC failed to raise a triable issue of fact with respect thereto (see Compas Med., P.C. v MVAIC, 43 Misc 3d 126[A], 2014 NY Slip Op 50465[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; Complete Med. Servs. of NY, P.C. v MVAIC, 33 Misc 3d 127[A], 2011 NY Slip Op 51835[U], *1-2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). We note, in addition, that MVAIC annexed a notarized household affidavit in which the assignor attested that he lived in New York on the date of the accident. Consequently, MVAIC failed to demonstrate as a matter of law that plaintiff's assignor was not a New York resident on the date of the accident, and therefore that the assignor should not be "deemed to be a covered person" entitled to recover no-fault benefits (Insurance Law § 5221 [b] [2]; see Insurance Law § 5202 [b]; Compas Med., P.C. v MVAIC, 2014 NY Slip Op 50465[U], *1-2]). Thus, MVAIC's cross-motion for summary judgment should have been denied. 
Plaintiff's motion for summary judgment was properly denied since it failed to demonstrate, prima facie, that the claims had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that MVAIC had issued timely denial of claim forms that were conclusory, vague, or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order is modified by providing that defendant's cross-motion for summary judgment dismissing the complaint is denied.
BUGGS, J.P., TOUSSAINT and HOM, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 7, 2024