NY Wellness Med., P.C. v MVAIC (2025 NY Slip Op 51165(U))

[*1]

NY Wellness Med., P.C. v MVAIC

2025 NY Slip Op 51165(U)

Decided on July 11, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 11, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MARINA CORA MUNDY, J.P., WAVNY TOUSSAINT, JOANNE D. QUIÑONES, JJ

2024-502 K C

NY Wellness Medical, P.C., as Assignee of Lindsay Webb, Respondent, 
against
MVAIC, Appellant. 

Marshall & Marshall, PLLC (Angelique Evangelista and Frank D'Esposito of counsel), for appellant.
Petre and Associates, PC (Damin Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Lola Waterman, J.), entered May 3, 2024. The order, insofar as appealed from and as limited by the brief, denied the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims totaling $12,617.21.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC) appeals from so much of an order of the Civil Court (Lola Waterman, J.) entered May 3, 2024 as denied the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims totaling $12,617.21.
Contrary to MVAIC's contention, its motion papers do not demonstrate, prima facie, that plaintiff's assignor was insured under an insurance policy issued to him by Integon National Ins. Co. or that he resided in a household with someone who had an insurance policy issued by another insurance company. While MVAIC contends that an "Insurance Activity Expansion Search" document, which it obtained from "ISO," establishes that plaintiff's assignor was covered by an insurance policy, MVAIC is mistaken. Even if that somewhat illegible document constituted evidence in admissible form, it indicates that the insurance policies issued to plaintiff's assignor, or to someone who may have been a member of the assignor's household, were canceled when the license plates were voluntarily surrendered more than two months prior to the subject accident. Consequently, MVAIC's contention that it was entitled to summary judgment on the ground that plaintiff, as assignee, was required to exhaust its remedies by seeking coverage under those insurance policies before seeking relief from MVAIC lacks merit [*2](cf. Bell Air Med. Supply, LLC v MVAIC, 77 Misc 3d 131[A], 2022 NY Slip Op 51233[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]).
As the proof submitted by MVAIC in support of its alternate ground for summary judgment does not establish that MVAIC issued timely and proper denial of claim forms within 30 days of the last scheduled examination under oath (EUO), MVAIC failed to demonstrate that it is not precluded from raising its defense that plaintiff's assignor failed to appear at duly scheduled EUOs (see Quality Health Supply Corp. v Nationwide Ins., 216 AD3d 1013 [2023]; Westchester Med. Ctr. v Lincoln Gen. Ins. Co., 60 AD3d 1045 [2009]). Thus, MVAIC's contention that it was entitled to summary judgment on this ground similarly lacks merit (see Bronx Chiropractic Rehabilitation, P.C. v MVAIC, 83 Misc 3d 129[A], 2024 NY Slip Op 50799[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]). MVAIC's remaining contention is also devoid of merit.
Accordingly, the order, insofar as appealed from, is affirmed.
MUNDY, J.P., TOUSSAINT and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 11, 2025