Harvey Family Chiropractic, Physical Therapy & Acupuncture, PLLC v MVAIC (2025 NY Slip Op 51971(U))

[*1]

Harvey Family Chiropractic, Physical Therapy & Acupuncture, PLLC v MVAIC

2025 NY Slip Op 51971(U)

Decided on December 5, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 5, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : LISA S. OTTLEY, J.P., WAVNY TOUSSAINT, MARINA CORA MUNDY, JJ

2024-500 K C

Harvey Family Chiropractic, Physical Therapy & Acupuncture, PLLC, as Assignee of Washington Nenobia, Respondent,
against
MVAIC, Appellant. 

Marshall & Marshall, PLLC (Angelique Evangelista and David Gierasch of counsel), for appellant.
Law Offices of Christopher McCollum (Christopher McCollum of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Sandra E. Roper, J.), entered October 31, 2023. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint and found, in effect pursuant to CPLR 3212 (g), that plaintiff had established timely submission of the claims at issue.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC) appeals from so much of an order of the Civil Court (Sandra E. Roper, J.) entered October 31, 2023 as denied defendant's motion for summary judgment dismissing the complaint and found, in effect pursuant to CPLR 3212 (g), that plaintiff had established timely submission of the claims at issue.
"The filing of a timely affidavit providing the MVAIC with notice of intention to file a claim is a condition precedent to the right to apply for payment from [MVAIC]. Compliance with the statutory requirement of timely filing a notice of claim must be established in order to demonstrate that the claimant is a covered person, within the meaning of the statute, entitled to recover no-fault benefits from the MVAIC" (Avicenna Med. Arts, P.L.L.C. v MVAIC, 53 Misc 3d 142[A], 2016 NY Slip Op 51535[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016] [internal quotation marks and citations omitted]; see Insurance Law §§ 5208 [a] [1], [3]; 5221 [b] [2]). Here, MVAIC failed to establish that it had not received such an affidavit. Thus, MVAIC failed to make a prima facie showing of its entitlement to summary judgment dismissing the complaint on the ground that plaintiff had failed to comply with a condition precedent to coverage (see Insurance Law §§ 5202, 5208; cf. Lantsman Acupuncture, P.C. v MVAIC, 75 Misc 3d 137[A], 2022 NY Slip Op 50568[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]).
In addition, the 30-day period within which MVAIC may timely deny a claim or request verification begins to run upon receipt of the claim without regard to whether MVAIC has determined that plaintiff's assignor is a covered person within the meaning of Insurance Law § 5221 (b) (2) (see New York Hosp. Med. Ctr. of Queens v Motor Veh. Acc. Indem. Corp., 12 AD3d 429 [2004]; Active Care Med. Supply Corp. v MVAIC, 66 Misc 3d 128[A], 2019 NY Slip Op 52045[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). As MVAIC failed to establish that it is not precluded from interposing its defense that plaintiff's assignor failed to appear for duly scheduled examinations under oath, it was not entitled to summary judgment dismissing the complaint on that ground.
Defendant also failed to establish, as a matter of law, that plaintiff's claims were improperly billed or were in excess of the amounts permitted by the workers' compensation fee schedule.
Finally, in its motion, defendant admits receipt of plaintiff's claims within 45 days of the dates of service. Accordingly, there is no basis to strike the finding, in effect pursuant to CPLR 3212 (g), that plaintiff established timely submission of the bills. It is noted that the order does not find that plaintiff established any other element of its prima facie burden at trial (see e.g. Avicenna Med. Arts, P.L.L.C., 2016 NY Slip Op 51535[U]), or otherwise limit the issues for trial.
Accordingly, the order, insofar as appealed from, is affirmed.
OTTLEY, J.P., TOUSSAINT and MUNDY, JJ., concur.
ENTER:
Jennifer Chan
Acting Chief Clerk
Decision Date: December 5, 2025