OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC) moved for summary judgment dismissing the complaint. Defendant argued that the action was premature since plaintiffs assignor was not a qualified person within the meaning of Insurance Law article 52 because he failed to provide MVAIC with a copy of the police report or otherwise comply with the reporting requirements set forth in Insurance Law article 52. The court denied defendant’s motion, holding that defendant’s time to pay or deny began to run upon receipt of plaintiff’s claim and not after defendant determined that plaintiffs assignor was a qualified person. This appeal by defendant ensued.
Contrary to defendant’s contention, the 30-day period within which defendant may timely deny a claim or request verification begins to run upon receipt of the claim without regard to whether defendant has determined that plaintiffs assignor is a qualified person within the meaning of Insurance Law § 5202 (b) (New York Hosp. Med. Ctr. of Queens v Motor Veh. Acc. Indem. Corp., 12 AD3d 429 [2004]). Defendant’s assertion that it was entitled to summary judgment because plaintiffs assignor was not a qualified person since he “failed to submit to [defendant] a copy of the Police Report regarding the alleged motor vehicle accident or otherwise compl[y] with the reporting requirements of [Insurance Law] Article 52,” lacks merit. Plaintiffs assignor’s status as a qualified person is not dependent upon defendant’s receipt of a copy of the police report (see Insurance Law § 5202 [b]). Although defendant contends that plaintiff’s assignor also failed to comply with the reporting requirements set forth in Insurance Law article 52, the record does not support such contention.
As a result, defendant’s motion for summary judgment dismissing the complaint was properly denied since defendant failed to make a prima facie showing of its entitlement to such relief (see Zuckerman v City of New York, 49 NY2d 557 [1980]).
Pesce, PJ., Weston Patterson and Golia, JJ., concur.