Spine Care of N.J., P.C. v MVAIC (2021 NY Slip Op 51172(U))

[*1]

Spine Care of N.J., P.C. v MVAIC

2021 NY Slip Op 51172(U) [73 Misc 3d 139(A)]

Decided on December 3, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 3, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, DONNA-MARIE E. GOLIA,
JJ

2019-917 K C

Spine Care of N.J., P.C., as Assignee of
Alisha K. Johnny, Respondent, 
against
MVAIC, Appellant. 

Marshall & Marshal, (Frank D'Esposito of counsel), for appellant.
Zara Javakov, P.C. (Zara Javakov of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Michael
Gerstein, J.), entered May 13, 2019. The order denied defendant's motion for summary judgment
dismissing the complaint and granted plaintiff's cross motion for summary judgment.

ORDERED that the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant Motor
Vehicle Accident Indemnification Corporation (sued herein as MVAIC) appeals from an order of
the Civil Court which denied MVAIC's motion which had sought summary judgment dismissing
the complaint on the ground that the limits of any available coverage had already been exhausted,
and granted plaintiff's cross motion for summary judgment.
Contrary to MVAIC's contention, the 30-day period within which MVAIC may timely deny a
claim or request verification begins to run upon receipt of the claim without regard to whether
MVAIC has determined that plaintiff's assignor is a covered person within the meaning of
Insurance Law § 5221 (b) (2) (see
New York Hosp. Med. Ctr. of Queens v Motor Veh. Acc. Indem. Corp., 12 AD3d 429
[2004]; see T & S Med. Supply
Corp. v MVAIC, 63 Misc 3d 150[A], 2019 NY Slip Op 50737[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2019]; [*2]Complete Med. Servs., P.C. v
MVAIC, 20 Misc 3d 85 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2008]).
Upon a review of the record, MVAIC did not demonstrate that its verification requests were
timely or that the limits of the available coverage had been exhausted in accordance with 11
NYCRR 65-3.15 at that point. Furthermore, as defendant raises no issue with respect to plaintiff's
establishment of its prima facie entitlement to summary judgment, we do not pass upon the
propriety of the Civil Court's determination with respect thereto.
Accordingly, the order is affirmed.
ALIOTTA, P.J., ELLIOT and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 3, 2021