Forest Hills Healthcare Physician, P.C. v Lancer Ins. Co. (2021 NY Slip Op
51170(U))

[*1]

Forest Hills Healthcare Physician, P.C. v Lancer Ins. Co.

2021 NY Slip Op 51170(U) [73 Misc 3d 139(A)]

Decided on December 3, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 3, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, DONNA-MARIE E. GOLIA,
JJ

2019-182 K C

Forest Hills Healthcare Physician, P.C., as
Assignee of Brandy Robinson, Respondent,
against
Lancer Ins. Co., Appellant. 

Hollander Legal Group, P.C. (Allan S. Hollander of counsel), for appellant.
Baker Sanders, LLC, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin
Kelly Sheares, J.), entered January 5, 2019. The order denied defendant's motion for summary
judgment dismissing the complaint.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint on the ground that plaintiff's assignor was not a
passenger in defendant's insured's car when the accident occurred. The Civil Court denied
defendant's motion.
While defendant moved for summary judgment dismissing the complaint on the ground that
plaintiff's assignor's alleged injuries did not arise from an insured incident (see Central Gen.
Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]), defendant's moving papers
contain a copy of plaintiff's assignor's sworn application for no-fault benefits in which plaintiff's
assignor swore that she was passenger in defendant's insured's vehicle when the accident
occurred. In addition, although defendant's moving papers contain a statement by defendant's
attorney that plaintiff's assignor appeared for an examination under oath, what transpired at the
[*2]examination under oath is not set forth. As such, contrary to
defendant's contention, defendant's moving papers do not establish, prima facie, that plaintiff's
assignor was not a passenger in defendant's insured's vehicle when the accident occurred (see
Zuckerman v City of New York, 49 NY2d 557, 562 [1980]) and, as a result, denial of
defendant's motion was required regardless of the sufficiency of plaintiff's opposing papers
(see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Accordingly, the order is affirmed.
ALIOTTA, P.J., ELLIOT and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 3, 2021