Armengol v MVAIC (2021 NY Slip Op 51207(U))

[*1]

Armengol v MVAIC

2021 NY Slip Op 51207(U) [73 Misc 3d 142(A)]

Decided on December 10, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 10, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, DONNA-MARIE E. GOLIA,
JJ

2019-1160 K C

Sonia Armengol, M.D., as Assignee of Trey
Willis, Evytte Lewis and Suheidy Nunez, Respondent,
against
MVAIC, Appellant. 

Marshall & Marshall, PLLC (Frank D'Esposito of counsel), for appellant.
Zara Javakov, P.C. (Zara Javakov of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S.
Garson, J.), entered May 15, 2019. The order denied defendant's motion for summary judgment
dismissing the complaint.

ORDERED that the order is modified by providing that the branches of defendant's motion
seeking summary judgment dismissing so much of the complaint as sought to recover upon
claims for services rendered to Trey Willis and Suheidy Nunez are granted; as so modified, the
order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant Motor
Vehicle Accident Indemnification Corporation (sued herein as MVAIC) appeals from an order of
the Civil Court which denied defendant's motion for summary judgment dismissing the
complaint.
The branch of MVAIC's motion seeking summary judgment dismissing so much of the
complaint as sought to recover upon claims for services rendered to Trey Willis was based on
plaintiff's failure to exhaust its remedies against the vehicle's owner. As the record establishes
that plaintiff's assignor, Trey Willis, was aware of the identity of the owner of the vehicle in
which Willis was a passenger at the time of the accident, plaintiff, as assignee, was required to
exhaust its remedies against the vehicle's owner before seeking relief from defendant (see
Hauswirth v American Home Assur. Co., 244 AD2d 528 [1997]; Compas Med., P.C. v MVAIC, 42 Misc
3d 150[A], 2014 NY Slip Op 50414[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2014]). Here, plaintiff did not demonstrate that it had exhausted its remedies against the [*2]owner of the vehicle (see BLR Chiropractic, P.C. v MVAIC, 33 Misc 3d 131[A], 2011
NY Slip Op 51878[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; see also BLR Chiropractic, P.C. v
MVAIC, 36 Misc 3d 129[A], 2011 NY Slip Op 52517[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2011]). Consequently, the branch of MVAIC's motion seeking summary
judgment dismissing so much of the complaint as sought to recover upon claims for services
rendered to Trey Willis should have been granted.
The branch of MVAIC's motion seeking summary judgment dismissing so much of the
complaint as sought to recover upon claims for services rendered to Suheidy Nunez was based on
Suheidy Nunez's failure to file a timely notice of intention to file a claim. "The filing of a timely
affidavit providing the MVAIC with notice of intention to file a claim is a 'condition precedent to
the right to apply for payment from [MVAIC]' (see Insurance Law § 5208 [a] [I],
[3]). Compliance with the statutory requirement of timely filing a notice of claim must be
established in order to demonstrate that the claimant is a 'covered person,' within the meaning of
the statute, entitled to recover no-fault benefits from the MVAIC" (Avicenna Med. Arts, P.L.L.C. v
MVAIC, 53 Misc 3d 142[A], 2016 NY Slip Op 51535[U], *1 [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2016] [citations omitted]; see Insurance Law §§
5208 [a] [1], [3]; 5221 [b] [2]). As MVAIC established that it had not received such an affidavit,
the branch of its motion seeking summary judgment dismissing so much of the complaint as
sought to recover upon claims for services rendered to Suheidy Nunez should have been
granted.
However, contrary to MVAIC's contention, the 30-day period within which MVAIC may
timely deny a claim or request verification begins to run upon receipt of the claim without regard
to whether MVAIC has determined that plaintiff's assignor is a covered person within the
meaning of Insurance Law § 5221 (b) (2) (see New York Hosp. Med. Ctr. of Queens v Motor Veh. Acc. Indem.
Corp., 12 AD3d 429 [2004]; see T & S Med. Supply Corp. v MVAIC, 63 Misc 3d 150[A],
2019 NY Slip Op 50737[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Complete Med. Servs., P.C. v MVAIC,
20 Misc 3d 85 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). As the initial request
for verification of the claims for services rendered to Evytte Lewis were mailed more than six
months after the last of said claims was received, defendant may not raise any defenses to these
claims which are subject to preclusion. Consequently, the branch of MVAIC's motion seeking
summary judgment dismissing so much of the complaint as sought to recover upon claims for
services rendered to Evytte Lewis was properly denied.
Accordingly, the order is modified by providing that the branches of defendant's motion
seeking summary judgment dismissing so much of the complaint as sought to recover upon
claims for services rendered to Trey Willis and Suheidy Nunez are granted.
ALIOTTA, P.J., ELLIOT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 10, 2021